[Crim. No. 1692. In Bank.—June 11, 1912.]

## THE PEOPLE, Respondent, v. D. H. AKEY, Appellant.

CRIMINAL LAW—RAPE—INSTRUCTION—UNCORROBORATED EVIDENCE OF PROSECUTRIX.—In a prosecution for rape, it is not error for the court to instruct the jury "that it is not essential to a conviction that the testimony of the prosecutrix should be corroborated by other evidence. It is sufficient if you believe beyond a reasonable doubt from all the evidence in the case that the crime charged has in fact been committed as alleged." Such instruction does not invade the province of the jury in charging with respect to matters of fact, contrary to section 19 of article VI of the state constitution.

ID.—CONVICTION MAY BE HAD ON UNCORROBORATED TESTIMONY.—Such instruction is a mere enunciation and application of the rule of evidence which obtains in this state that in a prosecution for rape the defendant may be convicted upon the uncorroborated testimony of the prosecutrix. It does not single out her testimony with a view of giving it undue prominence, nor can it be construed as a statement by the court that she had testified in such a manner that the jury should accept her testimony as true and as sufficiently establishing the guilt of the defendant.

ID.—INSTRUCTIONS TO BE CONSIDERED AS WHOLE.—Whether a jury has been correctly instructed is not to be determined from a consideration of parts of an instruction, or from particular instructions, but the entire charge of the court must be considered, and if, so considered, the charge correctly states the law so that the jury, as men of ordinary intelligence, can understand what is meant and apply it to the facts, no prejudice is suffered by defendant.

ID.—CONSIDERATION OF ALL THE EVIDENCE.—One of the controlling
features in determining the character of an instruction is the pur-
pose and object of the court in giving it; and when the jury is
told that they are to act upon a belief to be derived from a con-
sideration of all the evidence in the case, they, as men of ordinary
intelligence and good sense, understand that this necessarily in-
volves a determination by them of the credence they are to give
to the testimony of the various witnesses and the weight that may
attach to their testimony.

APPEAL from a judgment of the Superior Court of San
Bernardino County, Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Campbell & Moore, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

LORIGAN, J.—Defendant was charged with and convicted
of the crime of rape, committed on one Lutie Valentine.
Judgment of imprisonment followed and this appeal is from
the judgment.

The judgment was reversed by the district court of appeal
for the second appellate district and a further hearing granted
on application of the respondent by this court.

The reversal by the district court of appeal was based on
the conclusion that the trial court erred in giving the follow-
ing instruction: ''The court further instructs the jury that
it is not essential to a conviction in this case that the testi-
mony of the prosecutrix, Lutie Valentine, should be corrobo-
rated by other evidence. It is sufficient if you believe beyond
a reasonable doubt from all the evidence in the case that the
crime charged has in fact been committed as alleged.'' It
was held by the district court that by this instruction the
trial court invaded the province of the jury in charging with
respect to matters of fact, contrary to section 19 of article
VI of the constitution of this state.

In that respect the specific point relied upon by the appel-
lant, and sustained by the district court was, that the trial
court singled out and gave special importance in the instruc-
tion to the testimony of the prosecuting witness, and in

effect, the jury was instructed by the court, or at least the instruction was susceptible of being so understood by the jury, that they were to take the testimony of the prosecutrix, Lutie Valentine, as being true, and as sufficiently establishing the guilt of the defendant.

We cannot agree with either this claim of appellant or the conclusion of the district court with respect to this instruction.

Particular reliance for its support is based upon the first sentence of the instruction. While we perceive nothing in this sentence which in itself is open to any valid criticism, it is to be borne in mind that whether a jury has been correctly instructed is not to be determined from a consideration of parts of an instruction, or from particular instructions, but the entire charge of the court must be considered. This is the general rule, and if, when so considered as a whole, the charge correctly states the law so that the jury, as men of ordinary intelligence, can understand what is meant and apply it to the facts, no prejudice is suffered by defendant. (*People* v. *Weber,* 149 Cal. 325, [86 Pac. 671] ; *People* v. *Besold,* 154 Cal. 363, [97 Pac. 871] ; *People* v. *Argentos,* 156 Cal. 720, [106 Pac. 65].)

Now as to the entire instruction. It is a rule of evidence in this state that in a prosecution for rape the defendant may be convicted upon the uncorroborated testimony of the prosecuting witness. (*People* v. *Mayes,* 66 Cal. 597, [56 Am. Rep. 126, 6 Pac. 691] ; *People* v. *Stewart,* 90 Cal. 212, [27 Pac. 200] ; *People* v. *Gardner,* 98 Cal. 127, [32 Pac. 880].) It was proper therefore for the court to instruct the jury as to this rule and its application, and this was evidently all that the court did. There was no singling out of the testimony of the prosecuting witness with a view of giving it undue prominence before the jury. The rule to be declared is addressed solely to the testimony of the prosecuting witness, and necessarily the fact that she has testified must be stated when the rule is declared. Nor is there in the instruction anything from which the jury would be at all warranted in understanding that the court was stating to them that the prosecuting witness had testified in such a manner that the jury should accept her testimony as true and as sufficiently establishing the guilt of the defendant.

One of the controlling features in determining the character of an instruction is the purpose and object of the court in giving it. Here the sole purpose and object clearly was to inform the jury, as it is always proper in this class of cases to do, that there was no rule of evidence in this state which required that the testimony of the prosecuting witness should be corroborated. Accompanying this declaration of the rule, and as part of the same instruction embodying it, the jury were told that in order to convict the defendant it was necessary that they ''believe beyond a reasonable doubt from *all* the evidence in the case that the crime charged had been committed as alleged.'' When a jury is told that they are to act upon a belief to be derived from a consideration of all the evidence in the case, they, as men of ordinary intelligence and good sense, understand that this necessarily involves a determination by them of the credence they are to give to the testimony of the various witnesses in the case and the weight they may attach to their testimony.

There is nothing in the instruction trenching on the right and duty of the jury in this respect, nor any reasonable basis for a claim that they could have understood the court as telling them that they should accept the testimony of the prosecuting witness as true, or that if they believed her testimony they should find the defendant guilty. They were merely told that if they believed from all the evidence, beyond a reasonable doubt, that the defendant was guilty as charged, that they might return a verdict of conviction, although the evidence of the prosecuting witness was uncorroborated; that there is no rule of law in this state which makes it essential to a conviction that the testimony of the prosecutrix should be corroborated. The court simply declared the rule as to corroboration applicable to this class of prosecutions, leaving to the jury to determine from a consideration of all the evidence the question of guilt. Under the instruction, was left to them exclusively the right to determine what credibility they should attach to the testimony of the witnesses, which embraced a consideration of the testimony of the prosecutrix as well as the testimony of the other witnesses. If, upon such a consideration, they believed that the defendant was guilty beyond a reasonable doubt, they were told that they might convict, although the testimony of the

prosecutrix was not corroborated. In the application of this rule the credibility of witnesses and weight of evidence was left entirely to the jury. In fact prior to giving the instruction complained of, the court had expressly instructed the jury that they were the sole judges of the effect and value of the evidence, and sole judges also of the credibility of the witnesses, and, immediately following the instruction complained of, the court in the next instruction given declared that to them "exclusively belongs the duty of weighing the evidence and determining the credibility of the witnesses." In still further instructions they were repeatedly told that this was their exclusive province, and likewise repeatedly told that they must take into consideration all the evidence in the case in reaching a verdict. Many instructions were also given in varying phraseology on the doctrine of reasonable doubt and its application.

Certainly, under these circumstances, taking the entire charge of the court into consideration, it would be a reflection upon the intelligence and good sense of the jury to say that they could have understood the special instruction complained of as either a declaration by the court that they should accept the testimony of the prosecutrix as true, or as an expression of opinion by the court that it was sufficient as it stood to warrant a conviction.

The cases of *People* v. *Johnson*, 106 Cal. 289, [39 Pac. 622], and *People* v. *Barker*, 137 Cal. 557, [70 Pac. 617], cited by respondent to support their claim are not in point. In both those cases the court instructed the jury that if they believed the testimony of the prosecutrix it was their duty to find the defendant guilty. They were told to determine the question of guilt from a consideration of the testimony of the prosecutrix alone—not from a consideration of all the evidence in the case. The instruction here was not of that character, for, as we have pointed out, the jury were told that they could only convict if they believed from all the evidence—not from that of the prosecutrix alone—beyond a reasonable doubt that the defendant was guilty.

Other grounds, aside from this instruction, are urged for a reversal of the judgment. These matters were considered and decided in the opinion of the district court of appeal. That court said:

"The alleged misconduct of the district attorney in the asking of certain questions against the objection of counsel and the ruling of the trial judge, if improper, seems not to have been prejudicial to defendant. The objections to such of the questions as appear to have been improper were promptly sustained by the court and the trial judge very emphatically and fully instructed the jury as to their duty not to consider any matter which was not in evidence before them. The complaint made of the ruling whereby the prosecutrix was permitted to show just what treatment the girl Lutie Valentine underwent at the time she was examined by physicians at a maternity hospital in the city of Los Angeles may be answered in the same way. There was competent evidence introduced tending to show, not only that the defendant had arranged to have the child examined by the said physicians, but also the purpose for which she was to be examined. The result of that examination, as testified to by the physicians, was favorable to defendant, in so far as it did not disclose that the child was then pregnant, as it was claimed defendant feared she might be, and the mere fact that the physician and attendent were permitted to explain to the jury the method adopted in the making of that examination could not well have been prejudicial to the rights of the accused. The conduct of the district attorney in examining the physician and his assistant, the matron of the sanitorium, who were present and participated in the making of the examination to ascertain the condition of the child with respect to pregnancy, was not censurable."

We are satisfied with the determination of the district court on these points and adopt its views respecting them as the conclusions of this court, and, as we are further satisfied that there was no error in the instruction we have heretofore considered, the judgment of the superior court is affirmed.

Shaw, J., Sloss, J., Angellotti, J., Henshaw, J., and Melvin, J., concurred.