[No. D002126. Fourth Dist., Div. One. Feb. 20, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID PRINGLE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, IV, V and VI.

## COUNSEL

Michael Meaney, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., Rudolf Corona, Jr., and K. Wells Hamor, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WORK, J.**—David Pringle appeals a judgment convicting him of kidnapping to commit robbery (Pen. Code,[1] § 209, subd. (b)), robbery (§ 211), two counts of rape in concert (§§ 261, subd. (2) and 264.1), and unlawfully taking a motor vehicle (Veh. Code, § 10851). He was sentenced to life with the possibility of parole for the kidnapping. Sentences for the remaining counts were stayed pursuant to section 654. Pringle asks reversal, claiming prosecutorial misconduct and trial court error in failing to give CALJIC No. 2.27, failing to instruct the jury regarding the defendant's admissions, instructing the jury the crime of rape in concert is a general intent crime, and improperly instructing on aiding and abetting. Although we conclude the trial court erred in failing to give CALJIC No. 2.27 while giving an un-

---

[1] All statutory references are to the Penal Code unless otherwise specified.

modified CALJIC No. 10.21, as well as improperly instructing on aiding and abetting, the errors were harmless—not resulting in a miscarriage of justice. We affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

The victim was abducted when she returned to her car in a parking lot. Frederick Daye opened the car door, pushed her to the passenger side and entered. Pringle entered the back seat and, as they drove away, took her purse, wallet, and two rings. She was driven to a dark residential area, raped first by the driver and then by Pringle.

Later that evening, Darren Wells told a police officer he had seen a white lady with blond hair being seized by two black males wearing dark clothing, one tall with a silver tooth and one short. The officer then received a radio call stating a woman had been raped by two males generally matching the description given by Wells. While the officer answered the call, Wells disappeared, only resurfacing when later arrested for an outstanding traffic warrant. While in custody, he identified Pringle, whom he had known since junior high school, as the abductor who had gotten into the back seat.

An examination of body fluids taken from Pringle established he was a secreter with an ABO blood type "B." The victim's blood type is "O." Secretions consistent with Pringle's blood type were found in the crotch area of the victim's pants and on her car carpet. (Approximately 18 percent of black males have ABO blood type "B" while only 3 to 5 percent of the general population are within Pringle's entire blood grouping.) Secretions consistent with Daye's blood type were found on the right and left legs of the jeans.

After waiving his right to remain silent, Pringle stated he knew nothing of the incident, did not know the other assailant; was unaware of the drugstore lot and had never been there; and was in Fresno on January 10, 1984. He claimed his relatives and girlfriend would prove his alibi. When the officer offered to telephone his relatives to verify his story, Pringle refused to give their names. Pringle's mother contradicted his story, saying he had returned from Fresno on January 4.

At trial, Pringle switched alibis. Ethel Gonzalez testified she gave a party on January 10, 1984, from about 11:30 a.m. until approximately 3:30 p.m.

She stated Pringle attended the party until about 3:30, left and returned approximately an hour later. At about that time, she learned her boyfriend had been apprehended by the border patrol as an illegal alien. She stated Pringle first drove her and her children to the Metropolitan Correctional Center (MCC), then to Chula Vista where she talked with a friend, and then proceeded to the border station in San Ysidro, returning about 11:30 p.m. She said Pringle was with her the entire time.

Pringle's alibi tracked Gonzalez' story. Other witnesses corroborated Pringle's presence at the Gonzalez' or next door at Pringle's aunt's house until approximately 5 p.m. The signature of a *Blanca* Gonzalez appears in the MCC log book for January 10, 1984. (Ms. Gonzalez testified she was also known as Blanca.) A handwriting expert testified the signature in the log book could not be identified as her signature; however, he could not positively eliminate her as the maker of that signature. Nevertheless, he found significant differences between the two handwritings, the most significant of which was her spelling the name of the individual being visited differently than it appeared in the log book.

## II*

### PROSECUTORIAL MISCONDUCT

. . . . . . . . . . . . . . . . . . . . . . . .

## III

### ALTHOUGH THE TRIAL COURT ERRED IN FAILING TO GIVE CALJIC NO. 2.27 AND IN GIVING CALJIC NO. 10.21, WITH NO CAUTIONARY ADMONITION, THE ERRORS DID NOT RESULT IN A MISCARRIAGE OF JUSTICE

■ Pringle claims the trial court's failure to give CALJIC No. 2.27[2] to accompany CALJIC No. 10.21[3] unduly focused attention on the victim's

---

*See footnote, page 785, *ante.*

[2]CALJIC No. 2.27 (1977 rev.) provides: "Testimony which you believe given by one witness is sufficient for the proof of any fact. However, before finding any fact [required to be established by the prosecution] to be proved solely by the testimony of such a single witness, you should carefully review all the testimony upon which the proof of such fact depends."

[3]CALJIC No. 10.21 (1977 rev.) was given as follows: "It is not essential to a conviction of a charge of rape that the testimony of the witness with whom sexual intercourse is alleged to have been committed be corroborated by other evidence."

testimony and incorrectly implied the defense testimony required corroboration.

In *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 884-885 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845], the Supreme Court held an equivalent of CALJIC No. 2.27 should be given in every criminal case in which no corroborating evidence is required. This mandate is confusingly expressed in the Use Note to CALJIC No. 2.27: "This instruction should be given sua sponte in every criminal case in which no corroborating evidence is required *and* the proof of any fact depends on the testimony of a single witness." (CALJIC (4th ed. 1979) at p. 48, italics added.) Apparently, CALJIC combined the mandate of *Rincon-Pineda* requiring giving the instruction in every criminal case in which no corroborating evidence is required, with the introductory sentence of CALJIC No. 2.27 declaring credible testimony by one witness is sufficient for the proof of any fact. Following CALJIC's lead, the court, in *People* v. *Haslouer* (1978) 79 Cal.App.3d 818, 832-833 [145 Cal.Rptr. 234], decided the trial court did not err in failing to give CALJIC No. 2.27 where there was evidence which, if believed, was corroborative of the statements of each prosecuting witness. (Accord *People* v. *Alvarado* (1982) 133 Cal.App.3d 1003, 1023 [184 Cal.Rptr. 483].)

We could reach the same conclusion here because the victim's testimony is corroborated by both the testimony of Wells and the blood test results. However, the jury could disbelieve the corroborating evidence, confronting itself with whether the testimony of the victim alone is sufficient for a conviction. That is precisely Pringle's argument: the jury could disbelieve Wells' testimony, given his long history of dealings and disagreements with Pringle, and disregard the equivocal statistical studies and blood test results, leaving the People's case to turn solely on the victim's testimony and thus within the ambit of CALJIC No. 2.27. This dilemma is neither addressed in the Use Note to CALJIC No. 2.27, nor in *Haslouer, supra,* and *Alvarado, supra.* However, inferentially this matter was resolved in defendant's favor in *Rincon-Pineda, supra,* 14 Cal.3d 864, where the Supreme Court flatly requires giving CALJIC No. 2.27 in every criminal case in which no corroborating evidence is required to sustain a conviction. Accordingly, the trial court erred in not giving CALJIC No. 2.27 sua sponte.

This error is compounded here by giving CALJIC No. 10.21, with no admonition akin to that in CALJIC No. 2.27. Giving CALJIC No. 10.21 without such an admonition unduly focuses the jury's attention on the victim's testimony, implies the victim's testimony has been singled out because it is to be treated differently than that of other witnesses, and, infers that other witnesses may require corroboration.

The issue here is different from that addressed in *People* v. *McIntyre* (1981) 115 Cal.App.3d 899, 906-907 [176 Cal.Rptr. 3],[4] which approved giving CALJIC No. 10.21 in combination with CALJIC No. 2.27, finding it correctly states the law and is not so repetitious on the subject of a witness's testimony as to give undue emphasis to the victim's testimony. *McIntyre* is inapposite because there CALJIC No. 2.27 was properly given. However, even where CALJIC No. 2.27 is given, when combined with CALJIC No. 10.21, the implication arises that the prosecuting witness testimony does not require corroboration but the testimony of other witnesses referred to in CALJIC No. 2.27 must be viewed with caution; in other words, the erroneous implication that witnesses other than the prosecuting witness need be viewed with caution. On the other hand, under our circumstances, the giving of CALJIC No. 10.21 in the absence of CALJIC No. 2.27 reasonably implies to lay jurors the testimony of a rape victim has a special status and is to be evaluated differently than that of other witnesses in the case—implying incorrectly that the testimony of other witnesses requires corroboration. Consequently, we believe it is error to give only CALJIC No. 10.21, unmodified, because even prosecuting witnesses in rape cases fall within the general category of witnesses to which CALJIC No. 2.27 relates and as to which the cautionary admonition is applicable.

We must now determine whether the instructional error here constitutes prejudicial error requiring reversal. In *People* v. *Rincon-Pineda, supra,* 14 Cal.3d 864, 872, the Supreme Court summarized the governing law: "It is well established that the error in failing to give the cautionary instruction is not prejudicial per se. 'The circumstances of each case' must be reviewed on appeal to 'determine whether failure to give the instruction was prejudicial.' [Citation.] Such failure 'does not constitute prejudicial error if "the evidence clearly points to the defendant's guilt, or . . . the testimony of the prosecuting witness is amply corroborated, or there are other factors in the case which show that the defendant has been given a fair trial." ' [Citation.] Under this standard, a finding that failure to give the instruction was harmless error has been far more the rule than the exception. [Citations.]" Guided by the foregoing, we conclude that under the instant circumstances it is not reasonably probable a result more favorable to defendant would have been reached in the absence of the errors. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *McIntyre, supra,* 115 Cal.App.3d 899, 907.) The victim's testimony was corroborated by Wells' identification and the blood test results. Moreover, Pringle switched alibis, first stating at the time of arrest he was in Fresno on the date of the rape, but later recanting (in light of his mother's contradictory statement he had

---

[4]A proposition reaffirmed in *People* v. *Jamison* (1984) 150 Cal.App.3d 1167, 1172-1174 [198 Cal.Rptr. 407].

returned before the date of the crime) by asserting a different alibi at trial. Accordingly, the errors were harmless. (Cal. Const., art. VI, § 13.)

IV*

THE FAILURE TO INSTRUCT ON PRINGLE'S ADMISSIONS
WAS NOT PREJUDICIAL

. . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION:

Judgment affirmed.

Wiener, Acting P. J., and Kintner, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied May 22, 1986.

*See footnote, page 785, *ante.*
†Assigned by the Chairperson of the Judicial Council.