[No. B049199. Second Dist., Div. Four. Nov. 15, 1991.*]

THE PEOPLE, Plaintiff and Respondent, v.
THURSTON SONREA HOLLIS, Defendant and Appellant.

*Review granted February 13, 1992. Opinion ordered published May 7, 1992, and review subsequently dismissed as improvidently granted on June 18, 1992, with directions that the opinion remain published.

**COUNSEL**

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Zaven V. Sinanian, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS (A. M.), P. J.**—Appellant Thurston Sonrea Hollis was sentenced to 12 years in prison after a jury convicted him of violating Penal Code sections 245, subdivision (a)(1) (assault great bodily injury with a deadly weapon), 288a, subdivision (c) (forcible oral copulation), 261, subdivision (2) (forcible rape), and 289 (genital penetration by foreign object). ■ He contends his conviction must be reversed because the trial court instructed the jury in the words of CALJIC No. 10.60 as follows: "It is not essential to a conviction of a charge of rape that the testimony of the witness with whom sexual relations is alleged to have been committed be corroborated by other evidence." Alternatively, he contends the abstract of judgment should be corrected to reflect the fact that the sentence on assault with a deadly weapon was stayed.

The evidence showed that appellant met his victim on July 6, 1989, near a residence where the victim intended to purchase drugs. Appellant offered the victim a ride. When she refused, appellant put a screwdriver to her side and forced her into his car. Appellant handcuffed the victim, flashed a badge, told her she was under arrest, and blindfolded her with a pillowcase. He then drove away, hitting her on the head with a screwdriver when she tried to see where they were going. He stopped the car, dragged her into a house, and threatened to kill her if she did not agree to have sex with 15 men. He then beat her across the buttocks with a police baton, ordered her to crawl around the room on her hands and knees and call him daddy, hit her, forced her to drink malt liquor and a half-pint of gin, forced her to orally copulate him, raped her, and forced her to insert the baton into her vagina. The victim finally managed to escape by breaking a window and climbing out. She ran to a nearby house for help.

Mr. Armelin, the resident of the house, testified that at approximately 1:30 a.m., he saw the victim standing on the porch, screaming and hollering. She was wearing only a shirt. Her face was bruised and bloody, there were marks on her legs, and she had a handcuff on her wrist. Mr. Armelin called the police.The victim was taken to Harbor UCLA hospital where she was observed to have lacerations on her left eye, red and swollen wrists, abrasions on her hands and left thigh, and welts on her buttocks which appeared to have been made with a stick or a straight object. A pelvic examination revealed no sperm or signs of vaginal trauma.

After the police responded to Mr. Armelin's house, they went to appellant's apartment and arrested him. A search of appellant's car produced a screwdriver, a shirt belonging to the victim, and a pillowcase stained with blood. Inside appellant's apartment, the police found a baton, a pair of high heeled shoes, and the victim's dress. The police observed that most of the glass was broken out of a four- by six-foot window in appellant's apartment. At the time of his arrest, appellant had a wallet with a badge on it in his rear pocket.

## I

Appellant challenges CALJIC No. 10.60 on three grounds. First, he contends it is an improper "pinpoint" instruction which "focuses the jury's attention on the uncorroborated testimony of the victim in a rape case and improperly suggests that such testimonyisentitledtospecial attention."[1]

---

[1]Appellant acknowledges the failure to object to CALJIC No. 10.60 in the trial court. He, nonetheless, contends that he is entitled to raise the propriety of the giving of the instruction pursuant to Penal Code section 1259 which provides in relevant part: "Upon an appeal taken by the defendant, the appellate court may . . . review any instruction given, refused or

Second, he contends it "improperly suggests to the jury that the victim should be believed and that the defendant should be disbelieved . . . ." Finally, he contends it is "no longer needed."

The latter contention finds support in the CALJIC committee's "use note" and "comments" to CALJIC No. 10.60. The use note states: "If this instruction is given, CALJIC 2.27[2] should be given sua sponte. [Citations.]" The comment adds: "There is a dispute in the case law as to whether CALJIC 10.60 . . . need be given at all if CALJIC 2.27 is given. [Citations.]"

A review of the case law on this issue demonstrates that the dispute to which the comment refers arises primarily from one court, Division One of the Fourth Appellate District. In 1981, that court rejected the contention that giving both CALJIC No. 10.60[3] and CALJIC No. 2.27 had the effect of undue emphasis on the fact that no corroboration was needed. The court explained: "Permitting a jury to operate under the misconception corroboration is required would put the value of the victim's testimony on a level below that of the defendant's testimony, credibility aside, and that is not the law." (*People* v. *McIntyre* (1981) 115 Cal.App.3d 899, 907 [176 Cal.Rptr. 3].) In 1984, the same court reiterated the holding of *People* v. *McIntyre* in *People* v. *Jamison* (1984) 150 Cal.App.3d 1167, 1173 [198 Cal.Rptr. 407].

In February of 1986, Division One of the Fourth Appellate District held, in *People* v. *Pringle* (1986) 177 Cal.App.3d 785, 790 [223 Cal.Rptr. 214], that it was error to give CALJIC No. 10.60 in the absence of CALJIC No. 2.27. The *Pringle* court noted that the issue presented was different from that addressed in *People* v. *McIntyre, supra*, 115 Cal.App.3d 899, and *People* v. *Jamison, supra*, 150 Cal.App.3d 1167.

Seven months later, the same court, in *People* v. *Adams* (1986) 186 Cal.App.3d 75 [230 Cal.Rptr. 588], reaffirmed that the failure to give

modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby." Pursuant to that section, we exercise our discretion to review the issue.

[2]CALJIC No. 2.27 provides: "Testimony concerning any particular fact which you believe given by one witness [whose testimony about that fact does not require corroboration] is sufficient for the proof of that fact. However, before finding any fact [required to be established by the prosecution] to be proved solely by the testimony of such a single witness, you should carefully review all the testimony upon which the proof of such fact depends." In *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 885 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845], the California Supreme Court held that this instruction "should be given in every criminal case in which no corroborating evidence is required . . . ."

[3]Prior to 1989, this same instruction was CALJIC No. 10.21. Each of the cases discussed in this section identified the instructon by its former number. For ease of discussion we have substituted the current CALJIC number, i.e., 10.60.

CALJIC No. 2.27 was error which was compounded by giving CALJIC No. 10.60. (*People* v. *Adams*, *supra*, at p. 79.) The *Adams* court went further, however, and, disagreeing with its own opinions in *People* v. *McIntyre*, *supra*, 115·Cal.App.3d 899, and *People* v. *Jamison*, *supra*, 150 Cal.App.3d 1167, concluded that the better practice was to eliminate CALJIC No. 10.60 entirely when CALJIC No. 2.27 was given. (*People* v. *Adams*, *supra*, at p. 79.) The court explained: "There are only a few crimes for which a conviction cannot be obtained on the sole testimony of a single witness. In these cases . . . jurors are instructed on the need for corroboration. We are satisfied even when the case turns on a credibility contest between the victim and the defendant, CALJIC No. 2.27 informs the jury the victim's testimony, if believed, is enough to prove the crime." (*People* v. *Adams*, *supra*, at p. 80.)

In *People* v. *Blassingill* (1988) 199 Cal.App.3d 1413, 1421-1422 [245 Cal.Rptr. 599], the Fifth Appellate District Court of Appeal discussed the conflicting case law on the issue and then disregarded it with the observation: "Interesting as this debate may be, we must note that none of the four cases discussed above has considered the import of the decision of the California Supreme Court in *People* v. *Akey* (1912) 163 Cal. 54[, 55,] [124 P. 718] where the court unequivocally approved the trial court's instruction of the jury in the following language: ' "The court further instructs the jury that it is not essential to a conviction in this case that the testimony of the prosecutrix . . . should be corroborated by other evidence. It is sufficient if you believe beyond a reasonable doubt from all the evidence in the case that the crime charged has in fact been committed as alleged." ' [Citation.]" Relying primarily upon *People* v. *Akey* (1912) 163 Cal. 54 [124 P. 718], the *Blassingill* court concluded that it was not error to instruct the jury with CALJIC No. 10.60.

It should be noted that in *Blassingill* the jury was also instructed with CALJIC No. 2.27, CALJIC No. 2.20 (credibility of witnesses), and CALJIC No. 2.22 (weighing conflicting testimony). Thus, although the *Blassingill* court abstained from expressly choosing sides in the debate, it aligned itself with *People* v. *McIntyre*, *supra*, 115 Cal.App.3d 899, and *People* v. *Jamison*, *supra*, 150 Cal.App.3d 1167.

With this case law as our backdrop we turn to the issue presented in the case before us. We are keenly aware that the issue is merely one aspect of the larger problem of balancing a criminal defendant's right to a fair trial with a rape victim's right to testify against her assailant without being subjected to unnecessarily intrusive or suggestive means of testing her credibility. Fortunately, victims now have greater protection from such harassment than they

had in the past. (See, e.g., *People* v. *Steele* (1989) 210 Cal.App.3d 67, 75 [257 Cal.Rptr. 687]; *People* v. *Casas* (1986) 181 Cal.App.3d 889, 897 [226 Cal.Rptr. 285].) Unfortunately, however, the stigma inherent in criminal sexual conduct still touches the victim as well as the accused.

We conclude that CALJIC No. 10.60 may still be given in the circumstances here presented. Juries hearing criminal cases are routinely instructed on the factors to consider in judging the credibility of witnesses. (CALJIC No. 2.20.) They are also routinely instructed that they "must not decide an issue by the simple process of counting the number of witnesses [who have testified on the opposing sides]." (CALJIC No. 2.22.) When, in addition to these instructions, the jury is also instructed in the words of CALJIC No. 2.27, a balance is struck which protects the rights of both the defendant and the complaining witness. CALJIC No. 10.60 is an accurate statement of the law (see *People* v. *Gallagher* (1930) 108 Cal.App. 128, 129 [291 P. 626]; *People* v. *Meraviglia* (1925) 73 Cal.App. 402, 411 [238 P. 794]), and we do not believe that giving it upsets this balance.

In any event, the record in this case would support the conclusion that appellant was not prejudiced by the instruction. There was ample corroboration of the victim's version of the facts. The shirt she said she was wearing when forced into appellant's car was found in his car. The handcuff she said appellant placed on her was observed by the neighbor. The force used by appellant was evidenced in the bruises and lacerations on the victim's body. Her account of her escape was corroborated by the broken window in appellant's apartment. Her claim of rape was corroborated by the examining doctor's testimony that it is not unusual to find neither sperm nor visible trauma to the vagina in a sexually active woman. It is therefore not probable that appellant would have obtained a more favorable result even if the instruction had not been given. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## II

Appellant correctly contends that the abstract of judgment fails to reflect that his sentence on count III, assault with a deadly weapon, was stayed. Respondent agrees. Therefore, further discussion of the issue is unnecessary. (*People* v. *Blassingill, supra,* 199 Cal.App.3d at p. 1424.)

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect the sentence on count III stayed and to forward the amended abstract of judgment to the appropriate authorities.

Epstein, J., and Cooper, J.,* concurred.

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.