[No. S018892. May 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE VINCENT GAMMAGE et al., Defendants and Appellants.

**COUNSEL**

Thomas T. Ono, under appointment by the Supreme Court, and Norman W. de Carteret, under appointment by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Donald E. de Nicola, Linda C. Johnson, Susan D. Martynec amd Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARABIAN, J.**—Lord Matthew Hale, Chief Justice of the Court of King's Bench from 1671 to 1676, once observed: "It is true rape is a most detestable

crime, and therefore ought severely and impartially to be punished with death; but it must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, tho never so innocent." (1 Hale, The History of the Pleas of the Crown (1st Am. ed. 1847) p. 634.)[1]

These "musings were introduced somewhat obliquely into the law of California by *People* v. *Benson* [(1856)] 6 Cal. 221 . . . ." (*People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 875 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845] (*Rincon-Pineda*).) As a result of *People* v. *Benson* (1856) 6 Cal. 221 and later decisions, prior to 1975, courts in sexual assault cases were required to instruct the jury sua sponte, " 'A charge such as that made against the defendant in this case is one which is easily made and, once made, difficult to defend against, even if the person accused is innocent. [¶] Therefore, the law requires that you examine the testimony of the female person named in the information with caution.' " (*Rincon-Pineda, supra*, 14 Cal.3d at p. 871; see also *id.* at pp. 875-877.)

In *Rincon-Pineda*, we recognized that this instruction had "outworn its usefulness" and "performs no just function," and disapproved its continued use. (14 Cal.3d at pp. 877, 883.) In its place, we mandated that in every criminal case in which no corroborating evidence is required the jury be instructed as follows: " 'Testimony which you believe given by one witness is sufficient for the proof of any fact. However, before finding any fact to be proved solely by the testimony of such a single witness, you should carefully review all of the testimony upon which proof of such fact depends.' " (*Id.* at p. 885.)

We are now called upon to resolve a conflict in the Court of Appeal decisions over whether a jury in a sex offense case that is given this

---

[1]Lord Hale's observations, published posthumously in 1736, came in the context of a discussion concerning evidence presented by "infant" victims in rape cases. His full remarks, in context, were as follows:

"But in both these cases, whether the infant be sworn or not, it is necessary to render their evidence credible, that there should be concurrent evidence to make out the fact, and not to ground a conviction singly upon such an accusation with or without oath of an infant.

"For in many cases there may be reason to admit such witnesses to be heard, in cases especially of this nature, which yet the jury is not bound to believe; for the excellency of the trial by jury is in that they are triers of the credit of the witnesses as well as the truth of the fact; it is one thing, whether a witness be admissible to be heard, another thing, whether they are to be believed when heard.

"It is true rape is a most detestable crime, and therefore ought severely and impartially to be punished with death; but it must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, tho never so innocent." (1 Hale, *supra*, at p. 634.)

instruction should also be advised that the testimony of the complaining witness need not be corroborated.

## I.  FACTS

A jury convicted defendants Michael Dajuan Goldsmith and Johnnie Vincent Gammage of one count of forcible rape by acting in concert (Pen. Code, §§ 261, subd. (2), 264.1), and convicted Goldsmith of one count of oral copulation with a person under 18 years of age (Pen. Code, § 288a, subd. (b)(1)). The jury found defendants not guilty of other counts.

The Court of Appeal opinion summarized the underlying facts:

"[O]n July 20, 1987, 16-year-old Jamise W. arrived at Dorsey High summer school around 8 a.m. but instead of going to class rode with friends to appellant Gammage's apartment. During the following three or four hours, according to the victim, she was sexually assaulted by [Gammage and Goldsmith] and other young men. Around 12:15 p.m. the victim, naked from the waist up, fled the apartment and ran for help to a woman across the street. The police were promptly called, the victim taken to a hospital, and appellants soon arrested." (Fn. omitted.)

Goldsmith testified at trial that Jamise orally copulated him voluntarily. He denied raping her. Gammage did not testify.

The jury instructions at trial included the following two standard instructions:

(1)  "Testimony as to any particular fact which you believe given by one witness is sufficient for the proof of that fact. However, before finding any fact *required to be established by the prosecution* to be proved solely by the testimony of such a single witness, you should carefully review all the testimony upon which the proof of such fact depends." (CALJIC No. 2.27 (4th ed. 1986 rev.), italics added; see *Rincon-Pineda, supra,* 14 Cal.3d at p. 885);[2] and (following 25 intervening instructions),

(2)  "It is not essential to a conviction of a charge of rape that the testimony of the witness with whom sexual intercourse is alleged to have

---

[2] As discussed in part II. A, *post,* the italicized language, given in this case, is a later addition to the original *Rincon-Pineda* formulation.

been committed be corroborated by other evidence." (Former CALJIC No. 10.21 (4th ed. 1970 rev.) (now CALJIC No. 10.60 (5th ed.)).)[3]

On appeal, Goldsmith contended that in combination, these two instructions improperly suggested that the jury should view *his* testimony with caution (CALJIC No. 2.27), but that the testimony of the complaining witness need not be viewed with caution. The Court of Appeal disagreed, and affirmed the convictions. We granted Goldsmith's petition for review, and now affirm the judgment of the Court of Appeal.[4]

## II. Discussion

### A. *Prior Cases*

In *People v. McIntyre* (1981) 115 Cal.App.3d 899, 906-907 [176 Cal.Rptr. 3], the defendant argued that *Rincon-Pineda* had impliedly disapproved CALJIC No. 10.60, and that giving that instruction as well as CALJIC No. 2.27 "unduly emphasized there was no corroboration needed." (*Id.* at p. 906.) The Fourth Appellate District, Division One, disagreed: "[R]ape has some special features which make such an instruction on lack of corroboration most proper. The proof of the elements of this crime often turns on a credibility contest between the accused and the accuser alone, since the act is most often committed in private (see *People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 881 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845]). Permitting a jury to operate under the misconception corroboration is required would put the value of the victim's testimony on a level below that of the defendant's testimony, credibility aside, and that is not the law." (*Id.* at p. 907.)

The same division reiterated these views in *People v. Jamison* (1984) 150 Cal.App.3d 1167, 1172-1174 [198 Cal.Rptr. 407].

The first decision to question the validity of CALJIC No. 10.60 was *People v. Pringle* (1986) 177 Cal.App.3d 785 [223 Cal.Rptr. 214], decided by a different panel of the same division that decided *McIntyre, supra,* 115

---

[3]The various versions of former CALJIC No. 10.21 and current CALJIC No. 10.60 are substantially identical. The only difference is that the instruction has been made applicable to different sexual offenses. For ease of discussion, except when quoting from another source, we will use the current CALJIC instruction, No. 10.60, even when refering to former CALJIC No. 10.21. (See *People v. Hollis* (1991) 235 Cal.App.3d 1521, 1524, fn. 3 [1 Cal.Rptr.2d 524].)

[4]Gammage, who did not testify, did not petition for review, and is not before this court. For tracking purposes, his name appears in the caption, as it did in the Court of Appeal. (Cal. Style Manual (3d ed. 1986) § 211.)

Cal.App.3d 899, and *Jamison, supra,* 150 Cal.App.3d 1167. In *Pringle,* the trial court gave CALJIC No 10.60, but not CALJIC No. 2.27. The Court of Appeal found error in not giving CALJIC No. 2.27, and further found the error was "compounded" by also giving CALJIC No. 10.60. The court found that giving CALJIC No. 10.60 alone implies that the victim's testimony has been singled out because it should be treated differently than that of other witnesses, and suggests that other witnesses may require corroboration. (*Pringle, supra,* at p. 789.)

The *Pringle* (*supra,* 177 Cal.App.3d 785) court distinguished *McIntyre, supra,* 115 Cal.App.3d 899, because CALJIC No 2.27 was given in *McIntyre.* (177 Cal.App.3d at p. 790.) The court, however, went on to suggest that "even where CALJIC No. 2.27 is given, when combined with CALJIC No. 10.21, the implication arises that the prosecuting witness testimony does not require corroboration but the testimony of other witnesses referred to in CALJIC No. 2.27 must be viewed with caution; in other words, the errone-ous implication that witnesses other than the prosecuting witness need be viewed with caution." (*Ibid.*)

The author of *Pringle, supra,* 177 Cal.App.3d 785, revisited this question in *People* v. *Adams* (1986) 186 Cal.App.3d 75 [230 Cal.Rptr. 588]. In *Adams,* as in *Pringle,* the trial court gave CALJIC No. 10.60 but not CALJIC No. 2.27. The defendant argued that it was "error to give CALJIC No. 10.21 at all, with or without CALJIC No. 2.27, since it gives the impression the victim's testimony is entitled to a special deference, affects the credibility contest in favor of the victim, and dilutes the 'beyond a reasonable doubt' standard. Adams argues CALJIC No. 10.21 should be abolished along with [former] CALJIC No. 10.22 [the instruction disapproved in *Rincon-Pineda, supra,* 14 Cal.3d 864], since the two were considered complementary in-structions (*People* v. *Putnam* (1942) 20 Cal.2d 885, 891-892 [129 P.2d 367], overruled in *People* v. *Rincon-Pineda, supra,* 14 Cal.3d at p. 882), and since the new CALJIC No. 2.27 contains both the noncorroboration rule and the cautionary instruction." (*Adams, supra,* 186 Cal.App.3d at p. 79.)

The *Adams* court expressly disagreed with its prior decisions in *McIntyre, supra,* 115 Cal.App.3d 899, and *Jamison, supra,* 150 Cal.App.3d 1167, and found that "the essence of CALJIC No. 10.21 is adequately stated in CALJIC No. 2.27 and there is no need for CALJIC No. 10.21 when No. 2.27 is given." (*Adams, supra,* 186 Cal.App.3d at p. 79.) The court was "satisfied even when the case turns on a credibility contest between the victim and the defendant, CALJIC No. 2.27 informs the jury the victim's testimony, if believed, is enough to prove the crime." (*Id.* at p. 80.) Therefore, the court concluded, "the better practice is to eliminate CALJIC No. 10.21 even when

accompanied by CALJIC No. 2.27 to avoid the prejudicial inference that a rape victim's testimony, covered specifically in CALJIC No. 10.21, may be accepted without careful review, whereas the defendant's testimony, covered generally in CALJIC No. 2.27, must be more scrupulously examined for credibility." (*Ibid.*)

The first decision by a court other than the Fourth Appellate District, Division One, to consider this question was *People* v. *Blassingill* (1988) 199 Cal.App.3d 1413 [245 Cal.Rptr. 599]. The trial court gave both CALJIC Nos. 2.27 and 10.60. The Fifth District Court of Appeal found no error. It relied heavily on language from our early decision of *People* v. *Akey* (1912) 163 Cal. 54 [124 P. 718], a decision not considered in the prior cases. *Akey* upheld a no-corroboration-needed instruction substantially identical to CALJIC No. 10.60. (CALJIC No. 2.27, adopted after *Rincon-Pineda, supra,* 14 Cal.3d 864, was obviously not given in *Akey*.) The *Blassingill* court concluded: "Although as defendant has pointed out, there may be less likelihood today than there was in 1912 that a jury would mistakenly believe the law required a rape victim's testimony be corroborated, there remains the very strong likelihood that a rape victim who survived the attack without 'benefit' of corroborating physical injuries or who delayed in reporting the offense would find her testimony the subject of vigorous attack in cross-examination and in defense argument simply because of this absence of corroborating evidence. Taking not only these circumstances but the entire charge given to the jury into consideration and evaluating them in light of the Supreme Court's opinion in *People* v. *Akey, supra,* we reject defendant's argument that instruction of the jury with CALJIC No. 10.21 was error." (199 Cal.App.3d at p. 1422.)

The next decision on point arises in this case. The Court of Appeal focused on the language of CALJIC No. 2.27, as given, referring to any fact "required to be established by the prosecution . . . ." The quoted language, not part of the original *Rincon-Pineda* formulation, was a later optional addition to the CALJIC instruction. (See *People* v. *Turner* (1990) 50 Cal.3d 668, 696 [268 Cal.Rptr. 706, 789 P.2d 887].) The Court of Appeal found that CALJIC No. 2.27 does not refer to defense witnesses. It thus rejected defendant's contention that "the jury was instructed (by 2.27) to view *his* testimony more strictly than the victim's. . . ." (Italics in original.) The majority also criticized the language added to the *Rincon-Pineda* formulation, and urged it be deleted from the standard instruction. Finally, the majority criticized the entire second sentence of CALJIC No. 2.27, and urged us to reconsider it. The concurring justice disagreed with the latter criticisms.

Most recently, in *People* v. *Hollis, supra,* 235 Cal.App.3d 1521, the Second District, Division Four, upheld the giving of both instructions. "We

are keenly aware that the issue is merely one aspect of the larger problem of balancing a criminal defendant's right to a fair trial with a rape victim's right to testify against her assailant without being subjected to unnecessarily intrusive or suggestive means of testing her credibility. Fortunately, victims now have greater protection from such harassment than they had in the past. [Citations.] Unfortunately, however, the stigma inherent in criminal sexual conduct still touches the victim as well as the accused.

"We conclude that CALJIC No. 10.60 may still be given in the circumstances here presented. Juries hearing criminal cases are routinely instructed on the factors to consider in judging the credibility of witnesses. (CALJIC No. 2.20.) They are also routinely instructed that they 'must not decide an issue by the simple process of counting the number of witnesses [who have testified on the opposing sides].' (CALJIC No. 2.22.) When, in addition to these instructions, the jury is also instructed in the words of CALJIC No. 2.27, a balance is struck which protects the rights of both the defendant and the complaining witness. CALJIC No. 10.60 is an accurate statement of the law [citations], and we do not believe that giving it upsets this balance." (*People* v. *Hollis, supra,* 235 Cal.App.3d at pp. 1525-1526.)

B. *Analysis*

■ It is not disputed that both CALJIC No. 2.27 and No. 10.60, considered separately, correctly state the law. "In California conviction of a sex crime may be sustained upon the uncorroborated testimony of the prosecutrix." (*People* v. *Poggi* (1988) 45 Cal.3d 306, 326 [246 Cal.Rptr. 886, 753 P.2d 1082].) We specifically upheld an instruction equivalent to CALJIC No. 10.60 as long ago as 1912. (*People* v. *Akey, supra,* 163 Cal. 54.)

Defendant seeks to distinguish *Akey* because it predated the overruling of former CALJIC No. 10.22 in *Rincon-Pineda, supra,* 14 Cal.3d 864, and the drafting of CALJIC No. 2.27. He argues that CALJIC No. 10.60 is a "remnant from a discredited body of law," that it repeats the substance of CALJIC No. 2.27, and that, in combination with that instruction, it unconstitutionally "creates a preferential credibility standard for the complaining witness." We disagree.

Although the two instructions overlap to some extent, each has a different focus. CALJIC No. 2.27 focuses on how the jury should evaluate a fact (or at least a fact required to be established by the prosecution) proved solely by the testimony of a single witness. It is given with other instructions advising the jury how to engage in the *fact-finding* process. CALJIC No. 10.60, on the other hand, declares a substantive rule of law, that the testimony of the

complaining witness need not be corroborated. It is given with other instructions on the legal elements of the charged crimes.

Because of this difference in focus of the instructions, we disagree with defendant, and the court in *Pringle, supra,* 177 Cal.App.3d 785, and *Adams, supra,* 186 Cal.App.3d 75, that, in combination, the instructions create a preferential credibility standard for the complaining witness, or somehow suggest that that witness is entitled to a special deference. The one instruction merely suggests careful review when a fact depends on the testimony of one witness. The other tells the jury there is no legal corroboration requirement. Neither eviscerates or modifies the other. As we observed early in this century, "There was no singling out of the testimony of the prosecuting witness with a view of giving it undue prominence before the jury." (*People* v. *Akey, supra,* 163 Cal. at p. 56.) Nor do the instructions "dilute[] the 'beyond a reasonable doubt' standard." (*People* v. *Adams, supra,* 186 Cal.App.3d at p. 79.) The instructions in combination are no less correct, and no less fair to both sides, than either is individually.

Defendant correctly observes that the now discredited instruction, that the testimony of the complaining witness should be viewed with caution, was considered to be a "counterweight" to the rule that no corroboration is required. (*People* v. *Putnam* (1942) 20 Cal.2d 885, 891-892 [129 P.2d 367], overruled in *Rincon-Pineda, supra,* 14 Cal.3d at p. 882; see also *Rincon-Pineda, supra,* at p. 878.) But disapproving the one instruction does not mean that CALJIC No. 10.60 should no longer be given. On the contrary, the latter instruction continues to perform an important role.

Although the "historical imbalance between victim and accused in sexual assault prosecutions" has been partially redressed in recent years (see *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 222 [285 Cal.Rptr. 99, 814 P.2d 1341] (conc. opn. of Arabian, J.)), there remains a continuing vitality in instructing juries that there is no legal requirement of corroboration. Further, even if we were to assume, which we do not, that all juries are aware of the no-corroboration requirement, or would glean it from CALJIC No. 2.27 itself, no harm is done in reminding juries of the rule.

The jury is instructed that the prosecution must prove its case beyond a reasonable doubt. This places a heavy burden of persuasion on a complaining witness whose testimony is uncorroborated. CALJIC No. 10.60 does not affect this instruction but, in the words of *People* v. *Hollis, supra,* 235 Cal.App.3d at page 1526, when all the instructions are given, "a balance is struck which protects the rights of both the defendant and the complaining witness."

Defendant argues that in *Rincon-Pineda, supra,* 14 Cal.3d 864, we "disapproved *sub silentio*" *Akey, supra,* 163 Cal. 54. *Akey* held that the no-corroboration-required instruction "is always proper in this class of cases . . . ." (*Id.* at p. 57.) In *Rincon-Pineda, supra,* 14 Cal.3d at page 882-883, foootnote 6, we criticized the instruction that the jury should view the complaining witness' testimony with caution as "impermissibly focus[ing] on the character of the crime rather than the nature of the evidence." Defendant argues this language signaled a disapproval of *any* instructions specific to a class of cases. He reads the language too broadly. Although no corroboration is required in most prosecutions, and an instruction like CALJIC No. 10.60 might properly be given in other cases (we express no opinion), trials of sex crimes, which often are a credibility contest between the accused and the accuser, have "special features which make such an instruction on lack of corroboration most proper." (*People* v. *McIntyre, supra,* 115 Cal.App.3d at p. 907.) Nothing in *Rincon-Pineda* prohibits such an instruction.

We thus hold that it is proper for the trial court to give CALJIC No. 10.60 in addition to CALJIC No. 2.27 in cases involving sex offenses. We disapprove of contrary language in *People* v. *Pringle, supra,* 177 Cal.App.3d 785, and *People* v. *Adams, supra,* 186 Cal.App.3d 75.[5]

### CONCLUSION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Baxter, J., and George, J., concurred.

**MOSK, J.**—I concur in the judgment. The Court of Appeal did not err in affirming the judgment of the superior court. As a result, we must affirm its judgment in turn.

---

[5]The Court of Appeal in this case criticized the use of the language "required to be established by the prosecution" (see text accompanying fn. 2, *ante*), and additionally urged this court to reconsider the entire second sentence of the instruction. However, the instruction has recently been revised to make the points moot. In *People* v. *Turner, supra,* 50 Cal.3d 668, a case not involving sex offenses, the trial court gave CALJIC No. 2.27 without the phrase "required to be established by the prosecution." The defendant contended the omission was erroneous. We found no error, but suggested that the instruction could be "marginally improved" (50 Cal.3d at p. 696) to "have a more neutral effect as between prosecution and defense, while still satisfying the concerns we identified in *Rincon-Pineda, supra,* 14 Cal.3d 864." (*Id.* at p. 697.)

In response to *Turner,* CALJIC No. 2.27 has been revised. It now reads, "You should give the [uncorroborated] testimony of a single witness whatever weight you think it deserves. However, testimony by one witness which you believe concerning any fact [whose testimony about that fact does not require corroboration] is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of such fact depends." (CALJIC No. 2.27 (5th ed. 1991 rev.).) As a result of this revision, we need not consider the Court of Appeal's criticism of the prior version of the instruction.

I write separately, however, to address a single issue of general importance.

Before our decision in *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845], California courts instructed juries in trials of sexual offenses that the testimony of the complaining witness could support a conviction even if uncorroborated *but* that such testimony should be examined with caution. (See *id.* at pp. 873-877.) Evidently, these so-called "cautionary" and "no-corroboration" instructions functioned as "counterweight[s]" the one to the other—the former "to protect the accused," the latter "to protect the public." (*Id.* at p. 876, internal quotation marks omitted.)

In *Rincon-Pineda*, we thenceforth prohibited trial courts from giving the cautionary instruction. (14 Cal.3d at p. 882.) Such an admonition, we reasoned, "impermissibly focusses on the character of the crime rather than the nature of the evidence." (*Id.* at pp. 882-883, fn. 6.)

In my view, we should now bar the no-corroboration instruction. An advisement of this kind shares the same impermissible focus. Further, with its "counterweight" gone, it is without function.

Contrary to the majority's implication, there is no legitimate benefit from the continued use of the no-corroboration instruction.

Generally, a conviction can be obtained for practically any crime, whether or not sex-related, on the uncorroborated testimony of the alleged victim. I doubt whether the typical juror has any conception, less still misconception, about this principle. Evidently, the law itself is in agreement. It does not require a no-corroboration instruction in the general case. Quite the contrary. Such an instruction would be inappropriate. (*People* v. *McIntyre* (1981) 115 Cal.App.3d 899, 907 [176 Cal.Rptr. 3]; *People* v. *Jamison* (1984) 150 Cal.App.3d 1167, 1173 [198 Cal.Rptr. 407] [following *McIntyre*].)

It might perhaps be asserted that jurors *in sex-crime trials* labor under the misconception that a conviction is not obtainable on the complainant's uncorroborated testimony. Perhaps that was once the case. Twenty years ago, it appears, prosecutions for sexual offenses were much less successful than those for other major crimes. (*People* v. *Rincon-Pineda, supra,* 14 Cal.3d at pp. 879-880.) Today, by contrast, prosecutions for such offenses fare at least as well. (U.S. Dept. of Justice, Sourcebook of Criminal Justice Statistics

1990 (1991) table 5.42, p. 520.)[1] Hence, any assertion that jurors in sex-crime trials labor under the cited misconception appears altogether unfounded.

To be sure, it is evidently beneficial to advise the jury as to the possible sufficiency of the testimony of any single witness—whether that witness is the complainant in a sexual-offense case or not. An instruction specially fit for that purpose is available.

CALJIC No. 2.27 (1991 rev.) (5th ed. pocket pt.) states that "You should give the [uncorroborated] testimony of a single witness whatever weight you think it deserves. However, testimony by one witness which you believe concerning any fact [whose testimony about that fact does not require corroboration] is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of such fact depends."

A sufficiency instruction such as the foregoing embraces the substance of—and hence obviates any "need" for—the no-corroboration instruction. True, it does not expressly state the rule of law that conviction of a sexual offense is obtainable on the complainant's uncorroborated testimony. But it plainly conveys the message that the rule is intended to give to the jury, viz., that the complainant's uncorroborated testimony can indeed support conviction.

It may well be that trials of sexual offenses not infrequently end up as credibility contests between the accuser and the accused. In this respect, however, they are far from unique. Twenty years ago, there was no substantial differential on this point between trials of sex-related and other crimes. (See *People* v. *Rincon-Pineda, supra,* 14 Cal.3d at pp. 881-882.) Today, from all that appears, the situation is the same. A sufficiency instruction like that quoted above gives proper direction to the jury—whether it is trying sexual or other offenses—without "impermissibly focuss[ing] on the character of the crime rather than the nature of the evidence." (*Id.* at pp. 882-883, fn. 6.)

In fact, it is hard to conclude that the no-corroboration instruction is needed for credibility contests over sexual offenses. As noted, there are contests of this sort over other crimes as well. But in such cases, a no-corroboration instruction is evidently *not* needed. Indeed, as stated, it would be inappropriate. If such an instruction is unnecessary for charges that are not sex-related, it is unnecessary for charges that are.

---

[1]There is no indication that the no-corroboration instruction or any similar mechanism is responsible for the change.

Also contrary to the majority's implication, there is some possible harm from the continued use of the no-corroboration instruction.

Such an instruction may be reasonably—albeit improperly—understood to favor the testimony of the complainant, who is explicitly singled out, in support of guilt and to disfavor the testimony of other witnesses, who are not mentioned, in support of innocence. This is especially true when a sufficiency instruction is also given. A reasonable juror would surely attempt to construe each advisement to carry its own meaning. He would, of course, hear the sufficiency instruction to declare that the complainant's testimony, after careful review, could be weighty enough to convict. And he would likely take the no-corroboration instruction to suggest that such testimony *was in fact* weighty in and of itself—and, perhaps, did not require careful review.

If understood to favor the testimony of the complainant in support of guilt and to disfavor the testimony of other witnesses in support of innocence, the no-corroboration instruction can indeed do harm. Put simply, it threatens to function as a thumb—or in the word the majority might use, a "counter-weight"—on the scales of justice, tilting the balance in the state's favor and thereby lightening its statutory and constitutional burden of proving the defendant guilty beyond a reasonable doubt.

Consequently, I would henceforth prohibit trial courts from giving the no-corroboration instruction. The advisement has clearly "outworn its usefulness" and "now performs no just function." (*People* v. *Rincon-Pineda*, *supra*, 14 Cal.3d at pp. 877, 883.) I would accordingly overrule or disapprove each and every decision to the contrary.[2]

**KENNARD, J., Concurring.**—I agree with the majority that the trial court did not err when it instructed the jury in the language of CALJIC No. 10.60.[1] This instruction correctly states that in a rape case the testimony of the complaining witness need not be corroborated. But as Justice Mosk's concurring opinion points out, this instruction is unnecessary because its essence appears in another instruction, CALJIC No. 2.27, that expresses the general rule that testimony of a single witness is sufficient to establish the truth of

---

[2]If trial courts continue to instruct that the testimony of the complaining witness need not be corroborated, they should also instruct that the same is true for the testimony of other witnesses, including (if applicable) the defendant. Simple fairness requires no less.

[1]CALJIC No. 10.60 (5th ed. 1988 bound vol.) is substantially similar to former CALJIC No. 10.21 (1970 rev.) (4th ed. pocket pt.), the instruction given in this case. Like the majority, for ease of discussion, I use CALJIC No. 10.60 to refer also to former CALJIC No. 10.21.

any fact. I write separately because unlike Justice Mosk, who suggests that use of CALJIC 10.60 be prohibited, I would not bar trial courts from giving the instruction, as it accurately states legal principles pertinent to witness corroboration; but unlike the majority, I would not encourage use of this instruction, because it is redundant and thus of little value.

Before our decision in *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845], CALJIC No. 10.60 served to minimize the impact of former CALJIC No. 10.22 (3d ed. 1970 bound vol.), which told jurors that rape is a charge "which is easily made and . . . difficult to defend against. . . ." This instruction, if unaccompanied by CALJIC No. 10.60, might have left jurors with the erroneous impression that a complaining witness in a rape case should not be believed in the absence of corroborating testimony. Our disapproval of former CALJIC No. 10.22 in *Rincon-Pineda* eliminated the need to give CALJIC No. 10.60 in rape trials.

In the majority's view, however, CALJIC No. 10.60 "continues to perform an important role." (Maj. opn., *ante*, p. 701.) The majority offers two justifications: it reminds the jury in a rape trial that there is no requirement for corroboration of the complaining witness's testimony, and that it (in combination with other, unspecified instructions) strikes a "balance" that protects the rights of the defendant and the complaining witness, in view of the "heavy burden of persuasion" placed on the prosecution by the requirement that it prove its case beyond a reasonable doubt.

But the majority is incorrect in suggesting that juries need to be instructed in the terms of CALJIC No. 10.60 in order to make clear that there is no requirement for corroboration of the testimony of a complaining witness. CALJIC No. 2.27, a standard instruction that must be given in every criminal trial, already tells the jury of the general rule that the testimony of any single witness, complaining or otherwise, need not be corroborated.

The majority's alternate claim, that CALJIC No. 10.60 is necessary to strike some sort of "balance" that will protect the rights of all concerned, reflects a misperception of the purpose of jury instructions. Trial courts should give jury instructions to inform jurors of the law, not to create a proper "mix" of "pro-prosecution" and "pro-defense" instructions. Unnecessary instructions, such as CALJIC No. 10.60, should not be given simply to provide greater "weight" to one side or another. In any event, the majority fails to explain how CALJIC No. 10.60 provides this "balance."

In summary, CALJIC No. 10.60 is accurate but superfluous. Because it is accurate, the trial court did not err in giving it in this case, and the judgment

of the Court of Appeal should therefore be affirmed. Because it is superfluous, I do not join the majority opinion, which encourages its continued use.