Filed 3/9/20

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>JOHN PAUL GRAVES,<br>    Defendant and Appellant. | A152603<br><br>(San Mateo County<br>Super. Ct. No. 16-NF-005927-A) |

A jury convicted John Paul Graves[1] of one felony count of annoying or molesting Jane Doe, a child under 18 (Pen. Code,[2] 647.6, subd. (c)(2)) and one felony count of lewd acts involving Jane Doe, a child of 14 or 15 years by a person at least 10 years older (§ 288, subd. (c)(1)). The trial court later found true allegations that Graves had two prior felony convictions within the meaning of section 647.6, subdivision (c)(2) and that Graves had served three prior prison terms within the meaning of section 667.5.

Graves claims the court erred by allowing evidence of his past offenses to be introduced under Evidence Code section 1108. He claims the trial court

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.A., B., C., D., and E.

[1] We note defendant's last name is listed as "Graves-Ocon" on the abstract of judgment, but the trial court record includes signed statements by defendant and his parents in which his last name is simply "Graves."

[2] Unless otherwise specified, further statutory references are to the Penal Code.

erroneously instructed the jury that the testimony of a single witness could suffice to convict him, and that Jane Doe's out-of-court report of the assault to her friend could be used to establish that the assault occurred. He further alleges the court was sua sponte obliged to give a unanimity instruction, and that his sentence was unauthorized under section 647.6. Finally, in supplemental briefing, Graves argues and the People agree, and so de we, that under Senate Bill No. 136 (2019–2020 Reg. Sess.), effective January 1, 2020, the sentencing enhancements imposed for service of prior prison terms must be stricken.

In the published portion of this opinion, we affirm the sentence imposed on Graves under section 647.6. In the unpublished portion of the opinion we reject his other arguments, except for his challenge to the sentence enhancement. We strike the sentence enhancement imposed under section 667.5, subdivision (b) for service of a prior term of incarceration in state prison. In all other respects, we affirm. The case is remanded for resentencing.

## I. BACKGROUND

On May 20, 2016, Jane Doe and her friend Lucy went shopping at a mall in San Mateo. Jane was 15 years old at the time. While browsing in a clothing store, she noticed Graves was standing close to her. Soon after, Graves came up behind Jane, put his hand on her right buttock and "squeeze[d] tight."

After squeezing Jane's buttock, Graves entered the store's changing room, removed his shirt, and stepped out of the changing room multiple times. He was bare chested and made eye contact with Jane each time.

Within minutes after Graves grabbed her, Jane told Lucy that Graves had touched her. Lucy said that when Jane told her, she was "very upset and

2

about to start crying." Jane and Lucy then told the store's employees that Graves had grabbed Jane's buttock. Mall security detained Graves until police arrived. The police conducted a field show-up and, after admonishing her, asked Jane to look at a suspect. She identified Graves as the man who grabbed her. Police arrested him. He had previous convictions for annoying or molesting minors as well as sexual battery of minors.

The jury returned verdicts finding Graves guilty of annoying or molesting a child under the age of 18 in violation of section 647.6, subdivision (c)(2) (count 1), and committing a lewd act upon a child age 14 or 15 years by a person at least 10 years older in violation of section 288, subdivision (c)(1) (count 2). Two prior felony convictions for violations of section 647.6 and three prior terms in state prison as alleged under section 667.5, subdivision (b) were found true by the court. On count 1, Graves was sentenced under section 647.6, subdivision (c)(2) to the middle term of four years in prison. The middle term of two years in prison was imposed and stayed on count 2, under section 654. An additional year was imposed for one of the prior prison terms for a total sentence of five years in prison. This appeal is timely.

## II. DISCUSSION

### A. Admissibility of Prior Convictions Under Evidence Code Section 1108

Graves claims the trial court abused its discretion by allowing the prosecution to introduce his record of prior sexual offenses under Evidence Code section 1108. We disagree.

### 1. Additional Facts

The court ruled that Graves's prior convictions for annoying or molesting minors (§ 647.6) and for sexual battery of minors (former § 314.1)

were admissible at trial under Evidence Code section 1108.  Based on this ruling, the parties reached a stipulation that was read to the jury.  It stated:

"One, that on—that in 2013, the defendant was convicted in Santa Clara County of the following:  On or about July 20th, 2012, the crime of annoying or molesting a child under 18 in violation of Penal Code Section 647.6[, subdivision (c)(2)], a felony, was committed by John Paul Graves who did annoy, molest a child under the age of 18 years, Cassandra Doe, 16 years old.

"Two, that in 2011, the defendant was convicted in San Mateo County of the following:  On or about September 29, 2010, John Paul Graves-Ocon did willfully and unlawfully annoy or molest a child under the age of 18 years, Gisela M. in violation of Penal Code Section 647.6[, subdivision] (c)(1).

"Three, that in 2009, the defendant was convicted in San Francisco County of the following: That on or about November 26th, 2007, John P. Graves did violate Penal Code Section 314.1 in that the defendant did willfully and unlawfully and lewdly expose his person and the private parts thereof in a public place and in a place where there were present other persons to be offended and annoyed thereby, to wit, Lucy F. and Emma M.

"That on or about November 26th, 2007, John P. Graves did violate Penal Code Section 647.6 in that the defendant did willfully and unlawfully annoy, molest a child under the age of 18 years, Lucy F, Olivia F, Madeline A, Molly D, Sophie H, Allisa G, Emma M and Tabitha S."

### 2. Analysis

Evidence Code section 1101 generally prohibits the admission of evidence the defendant committed a prior crime to prove the defendant likely committed a later crime.  (*Id.*, subd. (a).)  However, Evidence Code section 1108, subdivision (a) provides an exception to this rule that allows

4

evidence of a prior sexual offense when a defendant is charged with a sex crime.

To prevent unfair misuse of such propensity evidence offered under Evidence Code section 1108, the trial court is to weigh its admissibility under Evidence Code section 352. (Evid. Code, § 1108; *People v. Falsetta* (1999) 21 Cal.4th 903, 916–918, 920 (*Falsetta*).) Under Evidence Code section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." "We will not overturn or disturb a trial court's exercise of its discretion under section 352 in the absence of manifest abuse, upon a finding that its decision was palpably arbitrary, capricious and patently absurd." (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1314 (*Jennings*).)

The trial court did not abuse its discretion here. The evidence admitted under Evidence Code section 1108, subdivision (a) was highly probative because, as the Legislature has recognized, " 'the willingness to commit a sexual offense is not common to most individuals; thus, evidence of any prior sexual offenses is particularly probative and necessary for determining the credibility of the witness.' " (*People v. Soto* (1998) 64 Cal.App.4th 966, 983.) Indeed, " '[s]uch evidence "is [considered] objectionable, not because it has no appreciable probative value, but because it has too much." ' " (*Falsetta*, *supra*, 21 Cal.4th at p. 915, italics omitted; *People v. Soto*, at pp. 989–990.)

Graves counters that his prior convictions were not particularly relevant in this case because the charged sexual offenses occurred in a public place, not in relative seclusion where there may be no corroborating witnesses. Because the potential witnesses in the store testified that they did

not see him touch Jane Doe, Graves argues there is no justification for admission of the other crimes. Here, he says the lack of corroboration simply shows a reasonable doubt as to his guilt, and does not raise any issue regarding his possible propensities. But Graves did not defend the charges on the basis that no touching occurred. Rather, he claimed that any touching was inadvertent or incidental to moving past Jane in the store aisle. Whether or not Jane's claim could have been corroborated by other witnesses was not the issue. Graves's other crimes were highly relevant to prove his intent. (*Falsetta, supra*, 21 Cal.4th at pp. 922–923.) Moreover, Graves cites no law to support his argument that the use of prior crimes evidence is limited to situations in which there are no witnesses to corroborate the victim's claims.

The stipulation also lessened any possible prejudice. "[T]he test for prejudice under Evidence Code section 352 is not whether the evidence in question undermines the defense or helps demonstrate guilt, but is whether the evidence inflames the jurors' emotions, motivating them to use the information, not to evaluate logically the point upon which it is relevant, but to reward or punish the defense because of the jurors' emotional reaction." (*People v. Valdez* (2012) 55 Cal.4th 82, 145.) Here, the stipulation stated the charges, the date each offense occurred, the victims' ages and their first names (apparently to show that each of the prior victims was female). The stipulation contains no details of the conduct that resulted in the convictions, thereby making it easier for the jury to evaluate the stipulation objectively rather than emotionally.

Graves still insists the risk of prejudice that the jury would punish him for his past conduct was high. But he identifies nothing about the stipulation other than the number of prior convictions that would inflame the passions of

6

the jury. Indeed, this argument is a double-edged sword, because his numerous convictions are also part of what make his prior sexual offenses probative. (*Falsetta*, *supra*, 21 Cal.4th at p. 915.)

In short, we cannot conclude the trial court abused its discretion when admitting Graves's prior convictions under Evidence Code section 1108 because the convictions were highly relevant to the charges against him and were admitted in a manner that minimized their potential to inflame the jury.

### B. CALCRIM No. 1190 and Due Process

The trial court gave CALCRIM No. 1190 at the end of the trial. It provides in its entirety that: "Conviction of a sexual assault crime may be based on testimony of a complaining witness alone."

Graves argues it was error to instruct with CALCRIM No. 1190 because there are certain elements of the charged crimes in this case that the complaining witness could not possibly know, and it "essentially exhorts the jury in sexual misconduct cases to *disregard* the court's other instructions that the defendant is entitled to an acquittal unless the People have proved each element of each charged offense beyond a reasonable doubt." Again, we disagree.

### 1. Additional Facts

The trial court provided the jury with other instructions that bear upon our analysis of Graves's claim of error. First, at the beginning and end of the trial, the court instructed the jury on the presumption of innocence and the People's burden to prove guilt beyond a reasonable doubt with CALCRIM

7

No. 220.[3]  The court also instructed the jury for each charged crime on the elements that were required to be proven beyond a reasonable doubt.

At the beginning and the end of the trial the court also provided the jury with CALCRIM No. 226, on evaluating the credibility of witnesses.  That instruction, in part, told each juror that:  "You, alone, must judge the credibility or believability of the witnesses.  In deciding whether testimony is true and accurate, use your common sense and experience. [¶] You must judge the testimony of each witness by the same standards, setting aside any bias or prejudice you may have.  You may believe all, part, or none of any witness's testimony.  Consider the testimony of each witness and decide how much of it you believe."  CALCRIM No. 226 also provides the jury with a list of considerations for evaluating the truthfulness of witness testimony.  At the conclusion of the trial, the court also delivered CALCRIM No. 301, stating, "The testimony of only one witness can prove any fact.  Before you conclude the testimony of one witness proves a fact, you should carefully review all the evidence."

Finally, at the end of the trial, the court delivered CALCRIM No. 200, which instructed the jury to "[p]ay careful attention to all of these instructions and consider them together."

### 2. Analysis

" ' "[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction

---

[3] CALCRIM No. 220 provides:  "A defendant in a criminal case is presumed to be innocent.  This presumption requires that the People prove a defendant guilty beyond a reasonable doubt.  Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt [unless I specifically tell you otherwise]. [¶] . . . [¶] . . . Unless the evidence proves the defendant[ ] guilty beyond a reasonable doubt, [he] is entitled to acquittal, and you must find [him] not guilty."

8

or from a particular instruction." ' " (*People v. Salazar* (2016) 63 Cal.4th 214, 248.) "[W]hen all the instructions are given, 'a balance is struck which protects the rights of both the defendant and the complaining witness.' " (*People v. Gammage* (1992) 2 Cal.4th 693, 701 (*Gammage*).)

In *Gammage*, our Supreme Court considered whether it was error to give CALJIC No. 10.60, concerning testimony by the complaining witness in a sex offense trial, in conjunction with the general instruction on a single witness's testimony in CALJIC No. 2.27. The defendant argued the combination of the instructions "improperly suggested that the jury should view *his* testimony with caution [citation], but that the testimony of the complaining witness need not be viewed with caution."[4] (*Gammage, supra,* 2 Cal.4th at p. 697.) The court analyzed the charge in the context of all the instructions given and rejected the defendant's argument. (*Id.* at pp. 700–701.)

As in *Gammage*, we analyze Graves's claim of instructional error by examining the entire charge of the court. Here, too, the trial court instructed the jury that it must consider all the instructions together. Witness credibility was for each juror to decide based on "common sense and experience" and "setting aside any bias or prejudice." The jury was instructed on the elements the prosecution was required to prove to convict

---

[4] CALJIC No. 10.60 provides: "It is not essential to a finding of guilt on a charge of [sexual activity] that the testimony of the witness with whom sexual relations is alleged to have been committed be corroborated by other evidence." It is the corollary of CALCRIM No. 1190. CALJIC No. 2.27 provides: "You should give the [uncorroborated] testimony of a single witness whatever weight you think it deserves. Testimony concerning any fact by one witness which you believe, [whose testimony about that fact does not require corroboration] is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends." It is the corollary of CALCRIM No. 301.

Graves of each of the charged crimes. Moreover, "[t]he jury [was] instructed that the prosecution must prove its case beyond a reasonable doubt. This place[d] a heavy burden of persuasion on a complaining witness whose testimony [was] uncorroborated." (*Gammage, supra,* 2 Cal.4th at p. 701.) Taken together, these instructions informed the jury that Jane's testimony would be sufficient to convict Graves if the jury was convinced that her testimony was truthful and if the jury concluded her testimony proved every element of the offenses with which Graves was charged beyond a reasonable doubt.

To distinguish his case from *Gammage,* Graves contends CALCRIM No. 1190 does not correctly state the law because "there are often (if not always) elements of sexual assault crimes that a complaining witness would be unable to establish via testimony." For example, Graves notes that a child's testimony often cannot establish the final element of count 2 in this case, which requires that the child be at least 10 years younger than the defendant, because in most cases a child will not know the perpetrator's age. Graves concludes that "[a]s a result, the instructions as a whole fail to adequately convey that a defendant cannot be convicted unless the prosecution proves each element of each charged offense beyond a reasonable doubt." Nonsense. The law is clear that the testimony of a single witness can establish any fact. (Evid. Code, § 411.) Any contradictions or weaknesses in a witness's testimony are matters to be explored on cross-examination and can be argued to the trier of fact. (*People v. Robertson* (1989) 48 Cal.3d 18, 44.) Moreover, Graves's example of possible deficiency in child testimony is of no moment. Graves's age was proven by the admission of his driver's

10

license, so even if the jury misunderstood the charge as Graves argues, the purported instructional error was necessarily harmless.[5]

When the instructions are reviewed together, the only reasonable conclusion is that the jury could only convict Graves if the People had proven all elements of the charged offenses beyond a reasonable doubt, including any elements that could not have been proven by Jane Doe's testimony alone. (*People v. Salazar*, *supra*, 63 Cal.4th at p. 248.)

## C. CALCRIM No. 318 and the Fresh Complaint Doctrine

Graves claims the trial court erred by instructing the jury with CALCRIM No. 318 because it allowed the jury to consider Lucy's testimony that Jane told her she was touched by Graves shortly after it happened to "be considered substantively by the jury to prove Graves' guilt of the charged offenses." Graves also appears to argue his counsel was ineffective for failing to request that CALCRIM No. 318 be modified so that Jane's statement could not be considered as evidence the assault occurred. The Attorney General argues this claim was forfeited, and that any possible error was harmless. We agree that Graves was not prejudiced by any possible error in admission of this statement without a limiting instruction or modification of CALCRIM No. 318.

### 1. Additional Facts

Lucy testified about what happened in the store with Jane Doe. During direct examination, the prosecutor asked her, "Without going into the details of it, did she tell you that she was touched?" Lucy responded, "Yes." Lucy said that she and Jane were towards the back of the women's section near the changing room when Jane told her that Graves touched her. Jane was very

---

[5] To be clear, it is not reasonable to conclude that the instructions as given would have caused such a misperception.

11

upset and about to start crying when she told her. No other details were provided about Jane's disclosure to Lucy.

### 2. Analysis

The trial court admitted Lucy's testimony under the "fresh complaint doctrine." Fresh complaint evidence is admitted "for the limited purpose of showing that a complaint was made by the victim, and not for the truth of the matter stated. [Citation.] Evidence admitted pursuant to this doctrine may be considered by the trier of fact for the purpose of corroborating the victim's testimony, but not to prove the occurrence of the crime." (*People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1522, citing *People v. Brown* (1994) 8 Cal.4th 746, 761.)

As given by the trial court, CALCRIM No. 318 provides: "You have heard evidence of statements that a witness made before the trial. If you decide that the witness made those statements, you may use the statements in two ways: [¶] One, to evaluate whether the witness's testimony in court is believable; [¶] And, two, as evidence that the information in those earlier statements is true." Because the last portion of CALCRIM No. 318 would allow the jury to conclude Jane's report to Lucy was true, Graves argues it was error to give the instruction or to give it without modification.

We begin by observing that Graves neither objected to CALCRIM No. 318 in the trial court nor asked that it be modified. His failure to do either ordinarily forfeits this claim. (*People v. Sully* (1991) 53 Cal.3d 1195, 1218; see *People v. Tuggles* (2009) 178 Cal.App.4th 1106, 1130 [failure to request modification or amplification of CALCRIM Nos. 318 and 335 forfeited claim of instructional error].)

Graves relies on section 1259 to argue there is no forfeiture. Section 1259 permits an appellate court to "review any instruction given . . .

12

even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby." (§ 1259; *People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7.) An instructional error violates a defendant's substantial rights if it is reasonably probable the defendant would have obtained a more favorable result absent the error. (*People v. Elsey* (2000) 81 Cal.App.4th 948, 953–954, fn. 2.) Accordingly, we will consider whether it is reasonably probable the result at trial would have been different if CALCRIM No. 318 were refused or modified.

On this record we have no difficulty concluding it would not. Lucy's testimony was limited to confirming that Jane said she was touched. She provided no details of the incident. In its entirety, Lucy's description of Jane's comment lacks sufficient detail to prove either count. But more importantly, Jane testified at trial and provided a detailed account of Graves's behavior. "[T]he jury did not have to rely on her secondhand statements to other people, but was able to hear her directly and judge her credibility. Her fresh complaint statements were consistent with and cumulative to her trial testimony. [Citation.] Thus, we conclude any instructional error was harmless." (*People v. Manning* (2008) 165 Cal.App.4th 870, 881; accord, *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1526–1527.)

### D. Ineffective Assistance of Counsel

Graves alternatively claims his trial counsel was ineffective for failing to object to CALCRIM No. 318 or to request a proper instruction. To establish ineffective assistance of counsel, Graves must prove (1) that his trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency caused him prejudice. (*People v. Maury* (2003) 30 Cal.4th 342, 389;

13

*Strickland v. Washington* (1984) 466 U.S. 668, 687.) If a defendant makes an insufficient showing on either of those components, a claim of ineffective assistance of counsel fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687.) In light of our conclusion that Graves cannot show he was prejudiced by any instructional error, his ineffective assistance claim fails.

### E. Unanimity Instruction

Graves contends a unanimity instruction was required because "the prosecutor argued and presented evidence that Graves had violated section 647.6 in two distinct ways: first, he had allegedly squeezed Jane Doe's right buttock with his hand; and second, he allegedly came in and out of a co-ed dressing room without a shirt and stared at Jane Doe." Graves's contention is based on a mischaracterization of the record and therefore lacks merit.

### 1. Additional Facts

During her closing argument, the prosecutor repeatedly emphasized that Graves had grabbed Jane Doe's buttock. In discussing the evidence in support of count 1, annoying or molesting a child under the age of 18 in violation of section 647.6, the prosecutor said, "Would a reasonable person, a normal person without hesitation have been disturbed by this conduct? Some random stranger, an adult male you don't know, suddenly comes to you and grabs your buttocks in the store. Yes, absolutely." In wrapping up her argument on this count, the prosecutor mused, "How does one accidentally grab another person's buttocks, and she specifically felt the squeeze of her buttocks." When applying the facts to the elements of count 2, a lewd act involving a child of 14 or 15 years by a person at least 10 years older in violation of section 288, subdivision (c)(1), the prosecutor described the first

14

element as requiring proof "the Defendant willfully touched any part of a child's body, either on the bare skin, . . . or it can be through clothing." The prosecutor relied on Jane Doe's testimony that Graves "touched her buttocks through the clothing over the clothes" to prove this element.

Indeed, the only time the prosecutor mentioned Graves's shirtless appearances from the store's changing room was during her rebuttal argument. In closing, defense counsel claimed that "one-second-incidental conduct in a public place is not child molestation." The prosecutor began rebuttal by observing that counsel's one-second characterization of Graves's act did not take into account its many ramifications, among them that "one second doesn't take into account the fact that the Defendant was coming out of the fitting room without a shirt on making eye contact with [Jane Doe] just staring over at her multiple times." Other than this brief comment that Graves's emergence from the fitting room evidenced his intent, the prosecutor never again mentioned this behavior. Rather, the gravamen of the prosecution's argument was that Jane was "able to discern between an inadvertent bump and an intentional squeeze."

### 3. Analysis

A criminal defendant has a constitutional right to a unanimous jury verdict. (Cal. Const., art. I, § 16.) " 'Additionally, the jury must agree unanimously the defendant is guilty of a specific crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, *either* the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.' " (*People v. Hawkins* (2002) 98 Cal.App.4th 1428, 1452, italics added.) No duty to instruct exists if the prosecutor elects to rely on a specific act to prove the charge. (*People v. Salvato* (1991) 234 Cal.App.3d 872, 878–880.)

15

"The duty to instruct on unanimity when no election has been made rests upon the court sua sponte." (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.) "[S]uch an instruction must be given sua sponte where the evidence adduced at trial shows more than one act was committed which could constitute the charged offense, and the prosecutor has not relied on any single such act." (*People v. Dieguez* (2001) 89 Cal.App.4th 266, 274–275.)

Here, the prosecutor elected to use Graves's grabbing Jane Doe's buttock as the offending conduct to prove both counts. Her closing argument focused exclusively on that act as the criminal conduct. Only when defense counsel argued that Graves's contact with Jane was incidental or inadvertent did the prosecutor rely on his repeated shirtless displays and eye contact to demonstrate his intent and sexual motivation. Given the prosecutor's exclusive focus on the grabbing as the basis for both counts, the court had no duty to give a unanimity instruction.[6]

**F. Authorized Sentence Under Section 647.6**

Section 647.6, subdivision (c)(2) provides an enhanced sentence of two, four or six years in prison for a defendant with a record of certain prior crimes who is convicted of violating the statute. Graves was assessed a midterm sentence of four years for his violation of section 647.6. He asserts this enhanced sentence was unauthorized because neither of his two prior

---

[6] This argument is somewhat nuanced in the briefing. Graves acknowledges that in light of the jury verdict rejecting his defense of inadvertent contact with Jane, the failure to give a unanimity instruction would be harmless error, citing *People v. Diedrich* (1982) 31 Cal.3d 263, 283. Thus, he says, reversal would only be required in the event we were to reverse count 2 on one of the grounds argued in his brief. We have not, and neither does the record support his claim that the jury could have, considered his shirtless displays as the basis for one of the charged crimes.

16

felony convictions for violations of section 647.6 involved a minor under 14 years of age.  Graves's argument is based upon a misreading of the statute.

Section 647.6, subdivision (c)(2) provides:  "Every person who violates this section after a previous felony conviction under Section 261, 264.1, 269, 285, 286, 287, 288.5, or 289, or former Section 288a, any of which involved a minor under 16 years of age, or a previous felony conviction under this section, a conviction under Section 288, or a felony conviction under Section 311.4 involving a minor under 14 years of age shall be punished by imprisonment in the state prison for two, four, or six years."

Under the longstanding "last antecedent rule" of statutory interpretation, " 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.' "  (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.)  "Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."  (*Ibid.*)  However, the use of a disjunctive such as the word "or" denotes alternative or separate categories.  (*Ibid.*)

Applying the last antecedent rule to subdivision (c)(2) of section 647.6, the phrase "involving a minor under 14 years of age" modifies the immediately preceding phrase "or a felony conviction under Section 311.4."  The statute's use of the word "or" "indicates an intention to use it disjunctively so as to designate alternative or separate categories."  (*White v. County of Sacramento, supra*, 31 Cal.3d at p. 680.)  The phrase "involving a

17

minor under 14 years of age" therefore does not extend to other clauses in section 647.6, subdivision (c)(2).[7]

This limiting application of the phrase is further apparent because other age requirements are mentioned within section 647.6, subdivision (c)(2)'s specification of prior offenses. For example, "a previous felony conviction under Section 261, 264.1, 269, 285, 286, 287, 288.5, or 289, or former Section 288a," are all modified by the clause "any of which involved a minor under 16 years of age."

The trial court correctly determined that Graves should be punished per section 647.6, subdivision (c)(2) based on his prior convictions, which did not require proof that the convictions involved a minor under 14 years of age. Graves had prior convictions for felony annoying or molesting a child under 18 in violation of section 647.6, subdivision (c)(2) in 2012, and felony annoying or molesting a child in violation of section 647.6, subdivision (c)(1) in 2007. These two prior felony convictions for violating section 647.6 authorized the court to impose a four-year sentence on Graves under subdivision (c)(2).

---

[7] There is an exception to the last antecedent rule "which 'provides that " '[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be applicable to all.' " ' " (*Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 726.) We are aware of no case that applies the exception to disregard the effect of clauses, like those in section 647.6, subdivision (c)(2), that are written "disjunctively so as to designate alternative or separate categories" (*White v. County of Sacramento*, *supra,* 31 Cal.3d at p. 680).

18

### G. The Sentencing Enhancement for a Prior Prison Term Must Be Stricken

The sentence imposed included a one-year enhancement under section 667.5, subdivision (b) due to Graves's incarceration in state prison for two prior violations of section 647.6. Effective January 1, 2020, section 667.5 was amended to limit the prior prison terms that qualify for the enhancement to those served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1.) Under the new law, prison terms served for violations of section 647.6 no longer qualify for enhancement under section 667.5, subdivision (b).

When the Legislature acts to lessen or eliminate the prescribed punishment for an offense, the reduction must be applied in all cases that are not yet final when the statute becomes effective. (*In re Estrada* (1965) 63 Cal.2d 740; accord, *People v. Nasalga* (1996) 12 Cal.4th 784, 792.) Such is the case here. The People agree, and so do we.

The one-year enhancement imposed for Graves's prior service of a term in state prison must be stricken, and we will remand for resentencing to allow the trial court to exercise its sentencing discretion in light of this modification. (*People v. Navarro* (2007) 40 Cal.4th 668, 681–682.)

### III. DISPOSITION

The one-year enhancement of sentence imposed under section 667.5, subdivision (b) for Graves's prior service of a term in state prison is stricken. The judgment in all other respects is affirmed. The case will be remanded for resentencing on both counts to allow the trial court to exercise its discretion in light of this modification.

19

_____
Siggins, P. J.

We concur:


_____
Petrou, J.


_____
Jackson, J.

A152603
*People v. Graves*

Trial Court:   San Mateo County Superior Court

Trial Judge:   Hon. Joseph C. Scott

Counsel:

Tiffany J. Gates, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Donna M. Provenzano, Seth K. Schalit, and Roni Dina Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.