# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ACE VINCENT WHITENER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 73294<br><br>**FILED**<br><br>APR 2 6 2019 |

*ORDER OF AFFIRMANCE*



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of sexual assault with a minor under fourteen years of age and one count of child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant Ace Whitener was found guilty of sexually assaulting his six-year-old stepdaughter, A.P. A.P., who is developmentally challenged, disclosed to several individuals—including her father, stepmother, grandmother, a SANE nurse, a sexual assault counselor, and a therapist—that Whitener had sexually penetrated her both with his penis and a red, pointy object. She also disclosed that he made her watch pornography. A.P. later recanted these allegations to her mother, Heather, approximately two years after her original disclosures but before Whitener's trial. On the witness stand, during direct examination, A.P. said that she did not remember the abuse and, in response to leading yes/no questions during cross-examination, she recanted the abuse allegations. The forensic interview taped immediately following her original disclosure, during which A.P. described the assault, was admitted as substantive evidence at trial as a prior inconsistent statement under NRS 51.385.

On appeal, Whitener argues: (1) there was not sufficient evidence to convict; (2) the State committed prosecutorial misconduct; (3)

evidence was improperly admitted; (4) an improper jury instruction was given; (5) cross-examination was improperly limited; (6) double jeopardy was violated; (7) the motion for a new trial should have been granted; and (8) cumulative error warrants a new trial. We conclude that none of these arguments warrant relief and therefore affirm the judgment of conviction.

First, Whitener argues that the evidence was insufficient to support the verdict because: (1) A.P.'s trial testimony offered no support for the convictions; (2) A.P.'s prior statements do not constitute proof beyond a reasonable doubt; (3) the forensic interview was flawed and unreliable; (4) roommates and neighbors offered no support for the allegations; (5) Risa's[1] testimony was unreliable; (6) the investigation was inadequate; and (7) there was no physical evidence. All of these issues relate to the credibility of witnesses and the weight of the evidence, which this court will not reassess on appeal. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses."). Here, the evidence presented by the State, if believed by the jury, is sufficient for a rational trier of fact to have found the elements of sexual assault and child abuse, neglect, and endangerment beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair*, 108 Nev. at 56, 825 P.2d at 573 (observing that the court will not disturb a verdict supported by substantial evidence).

Second, Whitener argues that the State engaged in misconduct during its examination of Heather, when it commented on Heather's testimony during closing argument, and when it vouched for prosecution

---

[1]Risa is the stepmother of A.P. She is the person to whom A.P. first disclosed the sexual assault.

witnesses during closing argument. In reviewing claims of prosecutorial misconduct, the court determines whether the prosecutor's conduct was improper and, if so, whether the improper conduct warrants reversal. *Valdez v. State,* 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Based on our review of Heather's testimony and the lack of objection at trial, we discern no misconduct during the State's examination of her or in the State's remarks about her testimony during closing argument. *Id.* at 1190, 196 P.3d at 477 (explaining that if an error has not been preserved by a contemporaneous objection, the reviewing court will use plain error review). We similarly discern no misconduct in the prosecution's rebuttal argument regarding the forensic interview, as it was a proper inference from the evidence presented at trial. Furthermore, while the State may have improperly vouched for Risa and A.P. in closing argument, the defense did not object to the vouching, and the misconduct did not cause actual prejudice—as required for plain error—where the defense also relied on A.P.'s credibility and the prosecution negated its vouching for Risa when it also referred to Risa as "a mess."

Third, Whitener argues that the district court admitted evidence in violation of NRS 48.015 (relevance) or NRS 48.035(1) (probative value is substantially outweighed by unfair prejudice) in three instances: (1) Heather's letter to A.P.; (2) evidence of Whitener's custodial status; and (3) testimony regarding how children generally disclose sexual abuse. "[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State,* 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The district court did not abuse its discretion when it admitted Heather's letter because it showed her state of mind at the time of the victim's initial disclosures, which was relevant given Heather's later

involvement in the victim's pretrial recantation. Whitener challenges the references to jail calls and to "other children" made during trial, but he did not contemporaneously object to such references and therefore we review for plain error. Whitener claims that the mention of "jail calls" he made in 2014 deprived him of his right to appear before the jury as an innocent person during the trial in 2016; however, nothing was introduced to indicate he was in custody at the time of the trial, therefore, this claim must fail. Lastly, Whitener claims that expert testimony regarding "other children" implicitly vouched for A.P.'s credibility; however, an expert may testify as to whether a victim's behavior is consistent with sexual abuse, and therefore, this claim must also fail. *Perez v. State*, 129 Nev. 850, 861-62, 313 P.3d 862, 870 (2013) ("Although an expert may not comment on whether that expert believes that the victim is telling the truth about the allegations of abuse, Nevada law allows an expert to testify on the issue of whether a victim's behavior is consistent with sexual abuse, if that testimony is relevant . . . ." (internal citations omitted)). We find that the district court did not abuse its discretion in admitting the evidence.

Fourth, Whitener objects to the no-corroboration instruction given to the jury. The instruction given is identical to one approved by this court in *Gaxiola* and we disagree with Whitener's interpretation of *Gammage* that a companion instruction on the weight of testimony is required along with the no-corroboration instruction. *People v. Gammage*, 828 P.2d 682 (Cal. 1992). We decline to overrule our decision in *Gaxiola v. State*, 121 Nev. 638, 649, 119 P.3d 1225, 1233 (2005), where we found no error in the "no corroboration" instruction given.

Fifth, Whitener argues that the district court impermissibly restricted his cross-examination of Risa. We disagree. "Generally, the

permissible extent of cross-examination is largely within the sound discretion of the trial court." *Bushnell v. State,* 95 Nev. 570, 572, 599 P.2d 1038, 1039 (1979). The court was within its discretion when it limited the defense cross-examination of Risa as to pending charges against her involving controlled substances because she had already admitted to the underlying substance abuse, making any testimony about related charges pending in another jurisdiction irrelevant. Whitener was not restricted in his cross-examination on other topics.

Sixth, Whitener argues that the convictions for both sexual assault and child abuse, neglect, or endangerment violate the Double Jeopardy Clause because the child abuse charge relied on the sexual assault as the "sexual abuse" to establish the "abuse or neglect" element of child abuse. *See Brown v. State,* 113 Nev. 275, 286-87, 934 P.2d 235, 242-43 (1997) (holding that a defendant cannot be convicted of both child abuse by sexual abuse/sexual assault and sexual assault where the sexual assault is meant to satisfy the "abuse or neglect" element of child abuse, because the elements of the child abuse encompass the elements of sexual assault). The State charged Whitener with child abuse or neglect based on sexual abuse and/or sexual exploitation. Only the sexual abuse theory encompasses the elements of sexual assault under *Brown.* Whitener cites no case law addressing a double jeopardy challenge to a conviction for an offense that can be committed in alternative ways, both of which were charged and proved beyond a reasonable doubt but only one of which would violate the Double Jeopardy Clause. Because it is appellant's responsibility to provide relevant authority, *see Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987), and *Brown* does not address this situation, we decline to consider Whitener's double-jeopardy challenge.

 

Seventh, Whitener argues that the district court should have granted his motion for a new trial based on "inconsistent and irregular" verdicts. The Supreme Court has held that "[c]onsistency in the verdict is not necessary" and that each count of an indictment is regarded as a separate indictment. *Dunn v. United States,* 284 U.S. 390, 393 (1932). That the jury found sufficient evidence to convict on only three of the fourteen separate indictments does not require granting a new trial, and therefore the district court was within its discretion when it denied the motion.

Lastly, because Whitener has demonstrated only one error—prosecutorial misconduct during rebuttal closing argument by vouching for Risa and A.P—there are not multiple errors to cumulate. Therefore his claim for cumulative error must fail. *See McKenna v. State,* 114 Nev. 1044, 1060, 968 P.2d 739, 749 (1998) (concluding that a sole error "does not, by itself, constitute cumulative error"). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Tierra Danielle Jones, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk