Filed 1/17/23 P. v. McGee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095184 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE022000) |
| v. | |
| HAWTHORNE MCGEE, | |
| Defendant and Appellant. | |

A jury found defendant Hawthorne McGee guilty of two counts of rape (Pen. Code, § 261, subd. (a)(2)) and one count of forcible oral copulation (Pen. Code, § 288a, subd. (c)(2)). The jury also found true the following allegations: (1) relative to one rape charge, the victim was 14 years old at the time of the offense, and (2) there were multiple victims. The trial court sentenced him to an indeterminate term of 45 years to life in state prison.

On appeal, defendant contends the trial court erred by instructing the jury with CALCRIM Nos. 1190 and 1191B. These instructions, he argues, lessened the prosecution's burden and thus deprived him of his rights to due process and a fair trial. Identical claims have already been rejected by our Supreme Court. We are bound by

those decisions.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales, Inc.*).)  We will affirm the judgment.

DISCUSSION

A.     *CALCRIM No. 1190*

At trial, the court instructed the jury with both CALCRIM Nos. 301 and 1190. CALCRIM No. 301 instructed: "The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence."  And, CALCRIM No. 1190 instructed: "Conviction of a sexual assault crime may be based on the testimony of a complaining witness alone."

Defendant argues that CALCRIM No. 1190, in combination with CALCRIM No. 301, "dilutes the prosecution's burden of proof beyond a reasonable doubt [and] this Court should find it violated his right to due process under the federal constitution. [Citations.]"  Nevertheless, defendant also acknowledges the California Supreme Court has already rejected this argument in *People v. Gammage* (1992) 2 Cal.4th 693, 700-702, and we are bound by that decision.  (*Auto Equity Sales, Inc.*, *supra*, 57 Cal.2d at p. 455.)

Defendant raises this contention in the hopes we will voice disagreement with *Gammage*.  We decline to voice disagreement with our Supreme Court's holding on this issue.  We further accept defendant's concession that we are bound by *Gammage*, and we thus reject his contention.

B.     *CALCRIM No. 1191B*

The trial court instructed the jury pertaining to evidence of charged sex offenses as follows: "The People presented evidence that the defendant committed the crimes of rape and oral copulation by force [as] charged in Counts 1, 2, and 3.  If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses and, based on that decision, also

2

conclude that the defendant was likely to commit the other sex offenses charged in this case."

"If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People must still prove each charge and allegation beyond a reasonable doubt."

Defendant contends this instruction violated his right to due process under the federal Constitution. He, however, acknowledges his claim was rejected by our Supreme Court in *People v. Villatoro* (2012) 54 Cal.4th 1152, and we are bound by that decision (*Auto Equity Sales, Inc.*, *supra*, 57 Cal.2d at p. 455). Defendant raises this contention to preserve his federal claim and to preserve the issue for his hoped-for reconsideration by the Supreme Court of its holding in *Villatoro*. We accept defendant's concession that we are bound by *Villatoro*, and reject this contention.

DISPOSITION

The judgment is affirmed.

 

 

_____

HULL, J.

We concur:

 

 

_____

ROBIE, Acting P. J.

 

 

_____

MAURO, J.