Filed 6/7/24  P. v. Lopez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br> ROBERTO CARLOS LOPEZ,<br><br>    Defendant and Appellant. | C098216<br><br>(Super. Ct. No. 19FE009358) |

A jury found defendant Roberto Carlos Lopez guilty of two counts of committing a lewd or lascivious act on a child under the age of 14 and two counts of rape of a child. On appeal, defendant argues that the trial court erred when it instructed the jury with CALCRIM No. 1190 in conjunction with CALCRIM No. 301, asserting the instructions lightened the prosecutor's burden of proof by bolstering the victim's testimony.  We will affirm the judgment.

1

BACKGROUND

Defendant was a father figure to S.D. Defendant raped S.D. when she was 12 years old on two separate occasions. The first incident occurred when S.D. was watching a movie in bed. Defendant got down next to her on the bed, pulled down her pants and underwear, and put his penis inside her vagina. S.D. asked him why he was doing this to her but he did not answer. S.D. was not able to push him off or get away because he held her down by her wrists. Defendant's penis was inside her for approximately one minute. Defendant stopped when the victim's nephew came into the room. The second incident occurred when S.D. was watching television on the couch in the living room. Defendant got on top of S.D., took off her pants and underwear, and raped her again. S.D. cried but defendant did not stop. S.D. testified that this was worse than the first time he raped her because he used a lot of force and it felt like she was being cut on the inside. After more than two minutes, S.D. was able to push defendant off her. She was bleeding and could not walk for two days. Defendant told S.D. that if she ever told anyone what happened, he would be in danger "on the streets." S.D. was also scared of defendant because he had previously assaulted her mother, cousin, brother, sister, and his own mother and sister.

An amended information charged defendant with two counts of committing a lewd or lascivious act on a child under the age of 14 (Penal Code,[1] § 288, subd. (b)(1)) and two counts of rape of a child under the age of 14 (§ 269, subd. (a)(1)). The trial court instructed the jury with CALCRIM No. 301, which, as instructed, provided: "The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence." The court also instructed the jury with CALCRIM No. 1190, stating, "Conviction of a

---

[1]     Undesignated section references are to the Penal Code.

2

sexual assault crime may be based on the testimony of a complaining witness alone." Defense counsel did not object to either instruction.

A jury convicted defendant of all four counts. The jury also found true the aggravating circumstances that: (1) the victim was particularly vulnerable (Cal. Rules of Court,[2] rule 4.421(a)(3)) and (2) defendant took advantage of a position of trust (rule 4.421(a)(11)). During bifurcated proceedings, the trial court found true the following aggravated circumstances: (1) defendant's prior convictions or sustained petitions as a juvenile were numerous (rule 4.421(b)(2)); (2) defendant served a prior term in prison or jail (rule 4.421(b)(3)); and (3) defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)).

The trial court imposed an aggregate sentence of 23 years to life, comprised of: (1) the middle term of eight years for the one count of committing a lewd or lascivious act on a child and (2) 15 years to life for the one count of rape of a child. Pursuant to section 654, the trial court imposed, then stayed the following terms: (1) the middle term of eight years for the additional count of committing a lewd or lascivious act on a child and (2) 15 years to life for the additional count of rape of a child.

## DISCUSSION

Defendant argues it was improper to instruct the jury with CALCRIM No. 1190, especially in conjunction with CALCRIM No. 301, because doing so reduced the prosecution's burden of proof in that it invited the jury to not scrutinize the victim's testimony as closely as other evidence. Defendant acknowledges both that he failed to object to the instruction at trial and that the California Supreme Court has approved similar instructions. Nonetheless, he asks us to reach the issue and reverse his

---

[2]    Undesignated rule references are to the California Rules of Court.

3

convictions, because the Supreme Court's opinion "was wrongly decided" and "is no longer justified." Even assuming defendant's claim was not forfeited, we must decline his invitation to ignore controlling case law. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

As both parties note, the California Supreme Court previously addressed this issue in *People v. Gammage* (1992) 2 Cal.4th 693. In *Gammage*, the Supreme Court considered CALJIC instructions which were substantially similar to the instant instructions. (*Gammage*, at pp. 696-697.) The defendant argued giving both instructions created a preferential credibility standard for the complaining witness. (*Ibid*.) The Supreme Court disagreed: "Although the two instructions overlap to some extent, each has a different focus. CALJIC No. 2.27 focuses on how the jury should evaluate a fact (or at least a fact required to be established by the prosecution) proved solely by the testimony of a single witness. It is given with other instructions advising the jury how to engage in the *fact-finding* process. CALJIC No. 10.60, on the other hand, declares a substantive rule of law, that the testimony of the complaining witness need not be corroborated. It is given with other instructions on the legal elements of the charged crimes." (*Gammage*, at pp. 700-701.)

The Supreme Court rejected the defendant's assertion that the instructions created a preferential credibility standard for the complaining witness or suggested the witness was entitled to special deference: "The one instruction merely suggests careful review when a fact depends on the testimony of one witness. The other tells the jury there is no legal corroboration requirement. Neither eviscerates or modifies the other. . . . The instructions in combination are no less correct, and no less fair to both sides, than either is individually." (*People v. Gammage*, *supra*, 2 Cal.4th at p. 701.)

The same reasoning applies here. CALCRIM No. 301 provides that the testimony of only one witness is necessary to prove any fact, but cautions that the jury must carefully review all the evidence. CALCRIM No. 1190 provides that the conviction of a

4

sexual assault crime may be based on the testimony of a single witness, the victim.  It does not negate the admonition advising the jury to consider all the evidence, nor does it accord the victim's testimony special deference.  We see no error.

DISPOSITION

The judgment is affirmed.

_____\s_____
Krause, J.

We concur:

_____\s_____
Earl, P. J.

_____\s_____
Boulware Eurie, J.

5