Filed 7/16/25  P. v. Gonzalez-Rivas CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095034 |
| v. | (Super. Ct. No. 19FE012600) |
| ISMAEL GONZALEZ-RIVAS, | |
| Defendant and Appellant. | ON TRANSFER |

A jury found defendant Ismael Gonzalez-Rivas guilty of committing lewd and lascivious acts on a child and possessing child pornography.  The trial court imposed a sentence that included the upper term of eight years on one of the counts.  On appeal, defendant claimed (1) the trial court committed instructional error, and (2) the case must be remanded for resentencing because the trial court's imposition of the upper term sentence did not satisfy the requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).

In an unpublished opinion, this court affirmed the judgment, concluding that the instructional error challenge lacked merit and the trial court's consideration of the aggravating circumstances, while inconsistent with Senate Bill 567's requirements, was

1

harmless error.  (*People v. Gonzalez-Rivas* (Mar. 10, 2023, C095034) [nonpub. opn.].)  This court also corrected errors in the abstract of judgment.  (*Ibid.*)

The California Supreme Court granted review and ordered this court to vacate its decision and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).  Having done so, we will affirm defendant's convictions but remand the matter for a full resentencing.

## BACKGROUND

Every other night for approximately three years, defendant sexually abused minor J.D. while living at his house.  Defendant told J.D. not to tell anyone about the sexual abuse.

Defendant subsequently moved to a house where minor D.D. lived.  Defendant sexually abused D.D. every night over a two-year period.  When defendant moved to a different room in the house, he would tell D.D. to come to his room, where defendant would have adult or child pornography playing.  Defendant would have D.D. mimic the videos.  D.D.'s family eventually moved to a different city, but when they would return to town, defendant would continue his abuse of D.D.

D.D. eventually disclosed the sexual abuse to law enforcement, and law enforcement later spoke with J.D.  Law enforcement searched defendant's home and found sexually explicit images and videos of minors.

The jury found defendant guilty of 18 counts of lewd and lascivious acts on a child under the age of 14 years old (Pen. Code, § 288, subd. (a)[1] -- counts one through eleven and fifteen through twenty-one), three counts of lewd and lascivious acts on a child 14 or 15 years old (§ 288, subd. (c)(1) -- counts twelve through fourteen), and one count of

---

[1] Undesignated statutory references are to the Penal Code.

2

possession of child pornography (§ 311.11, subd. (a) -- count twenty-two). The jury also found true allegations that there were multiple victims. (§ 667.61, subds. (e)(4), (j)(2).)

The trial court designated count seventeen as the principal determinant term and sentenced defendant to the upper term on that count. For the remainder of the determinant counts, the trial court imposed consecutive sentences of eight months each, for an aggregate determinant sentence of 10 years eight months. The 17 remaining counts received consecutive indeterminate sentences of 15 years to life, for an aggregate indeterminant sentence of 255 years to life.

Additional background is set forth in the discussion as relevant to the contentions on appeal.

## DISCUSSION

### I

Defendant contends the trial court erred in instructing the jury with CALCRIM Nos. 1190 and 301. He argues those instructions reduced the prosecution's burden in that they invited the jury to give extra weight to the victims' testimony.

The trial court instructed the jury with CALCRIM No. 301, stating: "The testimony of only one witness can prove any fact. Before you conclude that testimony of a witness proves a fact, please carefully review all of the evidence." The trial court also instructed the jury with CALCRIM No. 1190, stating: "Conviction of a sexual assault crime may be based on the testimony of the complaining witness alone."

Defendant acknowledges that the California Supreme Court has approved similar instructions, but he asks us to reverse his convictions because the Supreme Court's opinion should be reconsidered. We decline his invitation.

As the parties note, the Supreme Court previously addressed this issue in *People v. Gammage* (1992) 2 Cal.4th 693, where it considered CALJIC instructions similar to those challenged in this case. (*Gammage*, at pp. 696-697.) The defendant argued that giving the two instructions created a preferential credibility standard for the complaining witness

3

(*ibid.*), but the Supreme Court disagreed: "Although the two instructions overlap to some extent, each has a different focus. CALJIC No. 2.27 focuses on how the jury should evaluate a fact (or at least a fact required to be established by the prosecution) proved solely by the testimony of a single witness. It is given with other instructions advising the jury how to engage in the fact-finding process. CALJIC No. 10.60, on the other hand, declares a substantive rule of law, that the testimony of the complaining witness need not be corroborated. It is given with other instructions on the legal elements of the charged crimes." (*Gammage*, at pp. 700-701, italics omitted.) The court explained: "The instructions in combination are no less correct, and no less fair to both sides, than either is individually." (*Id.* at p. 701.)

The same reasoning applies here. CALCRIM No. 301 provides that the testimony of only one witness is necessary to prove any fact but cautions that the jury must carefully review all the evidence. CALCRIM No. 1190 provides that the conviction of a sexual assault crime may be based on the testimony of the complaining witness. CALCRIM No. 1190 does not negate the admonition that the jury consider all the evidence, nor does it give the victim's testimony special deference. Defendant's contention lacks merit.

II

Defendant also claims the case must be remanded for resentencing because the trial court's imposition of the upper term sentence did not satisfy the requirements of Senate Bill 567.

In *Lynch*, the California Supreme Court explained that effective January 1, 2022, section 1170, subdivision (b) was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify the term and the facts underlying any such circumstance have been stipulated to by the defendant, found true beyond a reasonable doubt, or, for a prior conviction, proven by a certified record. (*Lynch, supra*, 16 Cal.5th at p. 742.) The amendment has been applied retroactively to defendants

4

whose judgments were not final on direct appeal at the time the statute took effect. (*Id.* at pp. 742, 746.)

"[A] court reviewing a case where the former version of section 1170[, subdivision ](b) was employed must apply the *Chapman* standard of review. [Citation.] Accordingly, in a case where the judgment is not yet final, a sentence imposed under former section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*Lynch, supra*, 16 Cal.5th at pp. 742-743; see *id.* at p. 768.)

Here, the trial court imposed the upper term sentence on count seventeen, citing "the factors in aggravation presented by the People but also those that are in the probation and sentencing report." In particular, the trial court referenced defendant's position of trust, the victims' vulnerability, and the persistent abuse. Defendant did not stipulate to the facts underlying those circumstances, and they were not found true beyond a reasonable doubt.

The California Supreme Court has "cautioned that a prejudice analysis following a change in the law respecting proof of aggravating circumstances 'can be problematic. The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. [Citation.] . . . "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." [Citation.] . . . "Many of the aggravating circumstances described in the rules require an imprecise

5

quantitative or comparative evaluation of the facts," ' with the victim's particular vulnerability being one example." (*Lynch, supra*, 16 Cal.5th at pp. 775-776.)

Here, the factors upon which the trial court relied, such as the victims' vulnerability and defendant's position of trust, are the types of subjective factors the Supreme Court discussed in *Lynch*. Thus, we cannot conclude beyond a reasonable doubt that the jury would have found true the aggravating factors. The case must be remanded for a full resentencing.

DISPOSITION

Defendant's convictions are affirmed. The sentence is vacated and the matter is remanded for further litigation of the aggravating circumstances and for the trial court to exercise its discretion under current section 1170, subdivision (b) in a full resentencing.

                                       /S/
                            MAURO, Acting P. J.

We concur:

     /S/
KRAUSE, J.

     /S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.