Filed 5/12/25  P. v. Mendoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098622 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE005668) |
| v. | |
| MARC FAUSTINO MENDOZA, | |
| Defendant and Appellant. | |

A jury found defendant Marc Faustino Mendoza guilty of multiple felonies, including possessing child pornography and four counts of committing a forcible lewd act on a child under the age of 14.  On appeal, Mendoza argues that the trial court erred: (1) when it instructed the jury with CALCRIM No. 1191B, which permitted the jury to conclude he had a propensity to commit sexual offenses based on a finding that he committed a sexual offense charged in the instant prosecution; and (2) when it instructed

the jury with CALCRIM No. 1190 in conjunction with CALCRIM No. 301, contending the instructions lightened the prosecution's burden of proof by bolstering the victim's testimony. We affirm.

BACKGROUND

When Doe was around four years old, Mendoza started dating her mother. When Doe was 12, she moved to the Sacramento area to live with her mother and Mendoza, whom she saw as a father figure. When she was 13, Mendoza began sexually abusing her. A search of Mendoza's cell phone by police uncovered images of prepubescent girls and their vaginas, and at Mendoza's trial an expert witness opined that the images were child pornography.

An amended information charged Mendoza with numerous felony offenses, including four counts of committing a forcible lewd act with a child under the age of 14 (Pen. Code, § 288, subd. (b)(1)),[1] and possession of images depicting a minor engaging in sexual conduct (§ 311.11, subd. (a)), as defined in section 311.4, subdivision (d).

After the parties presented their evidence, the trial court instructed the jury with CALCRIM No. 301—that the testimony of a single witness can prove any fact, provided jurors carefully consider all the evidence before reaching that conclusion. The court also instructed, under CALCRIM No. 1190, that a conviction for a sexual assault offense may be based solely on the testimony of the complaining witness. The trial court also instructed the jury that the prosecution had presented evidence that Mendoza committed the sexual assault against Doe, as well as possession and/or production of child pornography, as charged in the amended information. If the prosecution proved beyond a reasonable doubt that Mendoza committed one or more of those offenses, the jury could—but was not required to—conclude from that evidence that Mendoza had a

---

[1] Undesignated statutory references are to the Penal Code.

2

disposition or inclination to commit sexual offenses. Based on that conclusion, the jury could then find that Mendoza was likely to have committed, and did commit, the other charged sex offenses.

However, the court cautioned that such a finding was only one factor to consider alongside all the other evidence. It was not sufficient by itself to prove that Mendoza was guilty of another offense. The People were still required to prove each charge beyond a reasonable doubt. (CALCRIM No. 1191B.)

The jury found Mendoza guilty as charged in the amended information. On May 19, 2023, the trial court sentenced him to an aggregate term of 68 years in state prison. Mendoza filed a timely notice of appeal in May 2023. His opening brief was filed in October 2024, and the matter became fully briefed on April 2, 2025.

DISCUSSION

I

*CALCRIM No. 1191B*

Mendoza contends that the trial court violated his due process rights by instructing the jury with CALCRIM No. 1191B. He acknowledges that because we must follow the decisions of our Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), this argument is foreclosed by *People v. Villatoro* (2012) 54 Cal.4th 1152. However, he presents the argument to us so that he can urge our Supreme Court to reconsider *Villatoro*. And he contends we should consider the argument even though he did not raise it in the trial court, because it would have been futile to raise it there. (See *People v. Perez* (2020) 9 Cal.5th 1, 14 ["if objection would be futile under current precedent, counsel is not obligated to object on pain of forfeiture"].)

In *Villatoro*, our Supreme Court held evidence that a particular criminal defendant has a propensity to commit sexual offenses may be considered by the trier of fact and such evidence may result from finding the defendant committed a sexual offense charged in the *same* prosecution as other sexual offenses on which the trier of fact is deciding the

3

defendant's guilt. (*People v. Villatoro*, *supra*, 54 Cal.4th at p. 1164.) Thus, the trial court here correctly instructed the jury that if it found beyond a reasonable doubt that Mendoza unlawfully possessed child pornography or committed at least one count of sexual assault against Doe, it could conclude from that evidence that Mendoza was likely to commit and did commit the other sexual offenses charged in this case. (See *People v. Ramirez* (2023) 98 Cal.App.5th 175, 222.)

II

*CALCRIM No. 1190 in Conjunction with CALCRIM No. 301*

Mendoza argues it was improper to instruct the jury with CALCRIM No. 1190, especially in conjunction with CALCRIM No. 301, because doing so lightened the prosecution's burden of proof by signaling to the jury that Doe's testimony did not need to be scrutinized as closely as other evidence. He acknowledges that he failed to object to the instruction at trial and that the California Supreme Court approved similar instructions in *People v. Gammage* (1992) 2 Cal.4th 693. Nevertheless, he asks us to address the issue and reverse his convictions, arguing that our Supreme Court's decision was wrongly decided and is no longer justified.

Even if Mendoza's claim is not forfeited, we cannot ignore controlling case law. (*Auto Equity Sales*, *Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.) In *People v. Gammage*, *supra*, 2 Cal.4th at pages 696-697, our Supreme Court considered CALJIC instructions that were substantially similar to the instructions at issue here. The defendant argued that giving both instructions created a preferential credibility standard for the complaining witness. Our Supreme Court disagreed, reasoning that while the two instructions "overlap[ped] to some extent, each ha[d] a different focus" (*id*. at p. 697). The instruction analogous to CALCRIM No. 301 addressed how the jury should evaluate a fact required to be established by the prosecution that is proved solely by the testimony of a single witness, and "merely suggest[ed] careful review when a fact depends on the testimony of one witness." (*Gammage*, at pp. 700-701.) The instruction comparable to

4

CALCRIM No. 1190 declared, as a substantive matter, that the testimony of the complaining witness need not be corroborated. (*Gammage*, at p. 701.) "The instructions in combination are no less correct, and no less fair to both sides, than either is individually." (*Ibid*.)

The same reasoning applies here. CALCRIM No. 301 provides that the testimony of a single witness is sufficient to prove any fact, but cautions the jury to carefully review all the evidence. Similarly, CALCRIM No. 1190 provides that a conviction for a sexual assault offense may be based on the testimony of a single witness—the victim. It does not override the instruction to consider all the evidence, nor does it grant the victim's testimony any special deference. There was no error.

DISPOSITION

The judgment is affirmed.

                                   /s/
                                   BOULWARE EURIE, J.

We concur:

        /s/
HULL, Acting P. J.

        /s/
KRAUSE, J.

5